## THE STATE v. TICE, *Appellant.*

1.  **Criminal Law :** CAPACITY OF INFANT TO COMMIT CRIME : PRESUMP
    TION : PRACTICE. An infant under seven years of age is incapable
    of the commission of crime. Between the ages of seven and four-
    teen he is *prima facie* incapable of committing a crime, and this
    *prima facie* incapacity must be overcome, by the state, by evidence
    strong and clear, beyond all doubt and contradiction, before it can
    establish his criminal capacity.

2.  **Practice :** INSTRUCTION. An instruction should not be given
    where there is no evidence upon which to base it.

*Appeal from Polk Circuit Court.*—HON. BEN. V.
ALTON, Judge.

REVERSED.

*J. B. Upton* for appellant.

*B. G. Boone,* Attorney General, for the state.

SHERWOOD, J.—The defendant, a boy under the age
of fourteen years, became involved in a school boy
scuffle resulting in a fight, at, or near, the close of which
he cut the one with whom he was scuffling with a pocket
knife, hence the prosecution which terminated in a ver-
dict of guilty and a fine of one hundred dollars.

Under seven years of age an infant cannot be guilty
of felony. In the interval between that age and that of
fourteen years, he is *prima facie* adjudged to be *doli
incapax.* And when an infant is arraigned for a felony
this disputable presumption of the law, for the *onus* in
such cases is on the state, is to be rebutted, and the
"evidence of that malice which is to supply age ought
to be strong and clear beyond all doubt and contradic-
tion." 4 Black. Com., 24. In this way only can the

legal maxim be applied that "*malitia supplet ætatem.*" Here there was no attempt made by the state to prove that the boy in question was possessed of that "mischievous discretion" which supplies the place of age, and rendered him amenable to legal punishment. This case, therefore, falls within the rule announced in *State v. Adams*, 76 Mo. 355. And as there was no evidence on which to base it, any instruction bottomed on the theory that defendant by reason of his intelligence was capable of crime was necessarily erroneous.

Therefore, judgment reversed and cause remanded. All concur.