## The People of the State of Illinois ex rel. Truman Mitts, Plaintiff in Error, v. John Ham and Charity Ham, Defendants in Error.

1. MARRIAGE, § 7*—*when voidable.* Unless expressly made so by statute, a marriage, one or both of the parties to which are under the age of consent, is not void but is voidable at the option of the party under disability.

2. MARRIAGE, § 29*—*what is necessary to render void a marriage where party under age of consent.* A judicial decree is required to void a marriage entered into by parties, one of whom is under the age of consent.

3. MARRIAGE, § 8*—*when statute as to requirements construed as merely directory.* Unless a statute expressly declares a marriage

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

contracted without the necessary consent of the parents, or other requirements, to be a nullity, such statute will be construed to be directory only in this respect, so that the marriage will be held valid although disobedience of the statute may entail penalties on the licensing or officiating authorities.

4. MARRIAGE, § 8*—*when without consent of parents of girl is not void.* Inasmuch as neither the statutes of Illinois nor Missouri declare that marriage under a certain age without the parents' consent are void, a marriage between a girl fifteen years of age and a man forty-three years of age, both of whom are residents of the State, in the State of Missouri without the consent of the parents of the girl, is not void, but is voidable only by some direct proceeding by the wife herself.

5. PARENT AND CHILD, § 56*—*when emancipation is effected.* The marriage of an infant effects an emancipation of the minor from the custody of the parents.

Error to the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed July 14, 1917.

ROBERT H. PATTON and WILLIAM J. SHAW, for plaintiff in error.

BARBER & BARBER, for defendants in error.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is a writ of error to review an order of the Circuit Court of Sangamon county, dismissing a petition for a writ of habeas corpus filed by Truman Mitts, the relator, to secure the release from restraint of Ethel Ham, a daughter of the defendants in error, claiming her as his wife.

The undisputed facts as averred in the petition and answer, and admitted by stipulation are: On April 6, 1916, the relator, a widower forty-three years of age with children of his own, having seduced the defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ants' daughter, Ethel Ham, who was attending the public school with relator's children, and who was then but fifteen years and eight months of age, persuaded her to accompany him to St. Louis, Missouri, where a marriage license was procured and a marriage ceremony had between them. No affidavit as to the age of persons applying for a marriage license is required in Missouri. After the marriage ceremony, they at once returned to Sangamon county, Illinois, where all the parties reside, and the relator took her to his home and lived with her until a warrant was issued charging him with abduction and rape, when she was taken back to her parents, who restrain and prevent her from returning to the relator and living with him as his wife. Relator was afterwards bound over on a preliminary hearing and indicted for abduction and now awaits trial. On October 12, 1916, she gave birth to a fully developed child which died in childbirth. The petition for habeas corpus was filed on November 20, 1916, and the order dismissing same entered December 19, 1916.

The contention of plaintiff in error is that the marriage in Missouri was a valid marriage, while the defendants in error insist that the alleged marriage is one which would have been void if the ceremony had been performed in Illinois, and hence is made void by the Uniform Marriage Evasion Act in force in this State July 1, 1915. Sections 19 and 20 of this Act [Hurd's St. 1916, ch. 89, Cal. Ill. St. Supp. 1916, ¶¶ 7363(1), 7363(2)] are:

19. "That if any person residing and intending to continue to reside in this State and who is disabled or prohibited from contracting marriage under the laws of this State shall go into another State or country and there contract a marriage prohibited and declared void by the laws of this State, such marriage shall be null and void for all purposes in this State with the

same effect as though such prohibited marriage had been entered into in this State.''

20. ''No marriage shall be contracted in this State by a party residing and intending to continue to reside in another State or jurisdiction, if such marriage would be void if contracted in such other State or jurisdiction, and every marriage celebrated in this State in violation of this provision shall be null and void.''

The relator introduced in evidence the statutes of the State of Missouri concerning marriage and also a certified copy of the marriage proceedings, including the license, the certificate of the marriage issued by the justice of the peace and a certificate of the officials of the State of Missouri showing the official character of the justice of the peace.

Section 8279 of the Statutes of Missouri declares marriage is a civil contract to which the consent of the parties capable of contracting is essential.

Section 8280 declares that marriages between certain relatives, between white persons and negroes and between white persons and mongolians are ''prohibited and declared absolutely void.''

Section 8281 provides that marriages, where either of the parties has a former wife or husband living, ''shall be void'' unless the former marriage shall have been dissolved.

If there is any other provision of the Missouri statutes declaring any other marriage null and void it was not introduced in evidence by either party and has not been brought to the attention of the court.

Section 8282 authorizes marriages to be solemnized by a justice of the peace, and certain other parties.

Section 8283 requires a license to be obtained previous to any marriage.

Section 8284 requires the recorder of the several

counties "when applied to by any person legally entitled to a marriage license" to issue the same.

Section 8289 provides that no recorder shall issue a license authorizing the marriage of any male under twenty-one years of age or any female under eighteen, except with the consent of his or her father or mother or guardian, which consent shall be in writing, and the recorder shall state whether the parties, or either or both, are of age, or whether either or both are minors, and if a minor the name of the father, mother or guardian consenting.

Section 8290 provides a penalty for any recorder issuing a license contrary to the statute, and for any person solemnizing a marriage before the parties have obtained a license as required, and also makes such officials liable to a civil action.

The plaintiff in error offered in evidence a certified copy of a marriage license, No. 201967 issued by the recorder of St. Louis, authorizing a marriage to be celebrated between Truman Mitts of Cantrall, Illinois, who is over twenty-one years of age and Miss Ethel Ham of Cantrall, Illinois, who is over eighteen years of age, dated April 6, 1916, with a certificate attached by a justice of the peace of the City of St. Louis, that he had on April 6, 1916, married said parties, with a certificate of the recording of the license and certificate of marriage on April 20, 1916.

The sole question involved is the validity of the alleged marriage of the relator and Ethel Ham, who was then under sixteen years of age; although the license and certificate of marriage state she was over eighteen years of age and no consent had been given by any person authorized to give one.

Section 1 of chapter 89 of the Statute of Illinois (J. & A. ¶ 7345) declares marriages between certain relatives to be incestuous and void. Section 4 of the same chapter (J. & A. ¶ 7348) declares "that all mar-

riages commonly known as 'Common Law Marriages' hereafter entered into shall be and the same are hereby declared null and void," and section 1a of chapter 40 (Divorce Act, J. & A. ¶ 4216) declares that in every case in which a divorce has been granted for any of the causes contained in section 1 of said act, neither party shall marry again within one year from the time the decree was granted, and every person marrying contrary to the provisions of this act shall be punished by imprisonment in the penitentiary and said marriage shall be held absolutely void. The only other marriages declared void by the statute of Illinois are those declared void by the "Uniform Marriage Evasion Act," that is, marriages contracted by parties residing or intending to reside in this State who are disabled or prohibited from contracting marriage in this State and go into another State or country and there contract a marriage prohibited and *declared void* by the laws of this State, in which case such marriage shall be null and void for all purposes in this State the same as though it had been entered into in this State.

The only marriages declared void by the statutes of Missouri are marriages between relatives, marriages between white persons with negroes or mongolians, and marriages where either party has a former husband or wife living and the former marriage has not been dissolved.

Neither the statutes of Illinois nor the statutes of Missouri declare that the marriage of an adult with a minor or of two minors shall be void. The statutes of Illinois declare that a female person of the age of eighteen years and upwards may contract a legal marriage, and a female person of sixteen years and upwards may contract a legal marriage, if the parent or guardian gives consent to such marriage, and the person giving consent is required to appear before the county clerk and make an affidavit concerning the date, place of birth and residence of the minor, as a prerequisite to

the issuing of a license, and any person making a false affidavit to induce a county clerk to issue a license permitting persons to be married, who are legally incapable or who have not the right to be joined in marriage, shall be punished by a fine or imprisonment or both.

The statutes of Missouri provide that a license to authorize the marriage of a female under eighteen shall not be issued without the consent in writing of a parent or guardian duly attested, and any person solemnizing a marriage, where a license has not been obtained as provided by the act, and any recorder issuing a license contrary to the provisions of the statute, shall be deemed guilty of a misdemeanor and also subject to a civil action.

The only difference between the statutes of Illinois and Missouri, so far as the marriage of a female minor is concerned, is that in Illinois parents are not authorized to consent to the marriage of females under the age of sixteen years, and in Illinois the parties authorized to consent are required to make an affidavit as to the age of the minor, while Missouri only requires an attested signature.

"At common law the marriage of an infant over seven years of age and under fourteen was merely voidable and subject to disaffirmance or ratification. If a boy within those ages were married he might, when he came to the age of consent, declare the marriage void without any divorce, but if at the age of consent the parties agreed to continue together as husband and wife, it was not necessary to be married again." (*Sokel v. People*, 212 Ill. 244.) The age of consent at common law in the case of males was the age of fourteen and of females the age of twelve. (26 Cyc. 842.) Unless expressly made so by statute, a marriage, one or both the parties to which are under the age of consent, is not void but is voidable at the option of the party under disability (26 Cyc. 842), and a judicial de-

cree is required to void it. *State ex rel. Scott v. Lowell*, 78 Minn. 166.

In Illinois, "the general rule is that unless the statute expressly declares a marriage contracted without the necessary consent of the parents, or other requirements of the statute, to be a nullity, such statutes will be construed to be directory, only, in this respect, so that the marriage will be held valid although disobedience of the statute may entail penalties on the licensing or officiating authorities." *Reifschneider v. Reifschneider*, 241 Ill. 92; *Campbell v. Beck*, 50 Ill. 171; *Olsen v. People*, 219 Ill. 40, and 26 Cyc. 835.

Neither the statutes of Illinois nor Missouri declare that marriages under a certain age without the parents' consent are void. The provisions fixing the age of consent, requiring the consent of the parents and imposing penalties on the clerk for issuing a license and on officers for celebrating a marriage in violation of the provisions of the statute, are only directory and not prohibitive. *Reifschneider v. Reifschneider, supra; State v. Bittick*, 103 Mo. 183; Bishop on Marriage & Divorce, secs. 423-449 and 551-556. The marriage of the relator and Ethel Ham must be held to be a valid marriage until declared void by some direct proceeding.

The marriage of an infant effects an emancipation of the minor from the custody of the parent. 22 Cyc. 517; *Commonwealth v. Graham*, 157 Mass. 73; *State ex rel. Scott v. Lowell*, 78 Minn. 166; Bishop on Marriage & Divorce, sec. 275. The marriage of Ethel Ham freed her from the control of her parents. It is admitted by the parties to this suit that she desires to turn to her husband. We are constrained to hold that the court erred in dismissing the petition. The judgment is reversed and the cause remanded with directions to the trial court to enter an order granting the prayer of the petition.

*Reversed and remanded with directions.*