## The People of the State of Illinois, Defendant in Error, v. Henry Earl Reynolds, Plaintiff in Error.

1. MARRIAGE, § 8*—*when consent of parents is necessary.* The general rule is that unless the statute expressly declares a marriage contracted without the necessary consent of the parents, or other requirements of the statute to be a nullity, the statute will be construed as directory in this respect and the marriage held valid, notwithstanding the statute entails penalties on licensing or officiating authorities who disobey its provisions.

2. HUSBAND AND WIFE, § 272*—*what marriage will support indictment for abandonment.* A marriage contracted by a minor under a license issued without the consent of his parent or guardian and by the county clerk of a county other than that in which the minor resided must be treated as valid until declared void in a direct proceeding instituted for that purpose, and, until set aside by a competent tribunal, will support an indictment for wife abandonment.

Error to the County Court of Macon county; the Hon. JOHN H. McCoy, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed April 27, 1920.

J. C. LEE, for plaintiff in error.

JESSE L. DECK, C. T. EVANS and A. R. IVENS, for defendant in error.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The plaintiff in error, hereinafter called defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant, was by the county court of Macon county found guilty under an indictment charging him with wife abandonment, and sentenced to pay a fine of $400 and cost, and to stand committed to the county jail until such fine and cost were paid. He was married on March 3, 1918, to Vera Hooker, who at that time was nineteen years of age. Defendant was eighteen years old and lived with his parents in Macon county. In order to get a marriage license defendant had Elmer Ellis, a man of mature years, go with Vera Hooker to the county clerk's office at Urbana, Champaign county, where such marriage license was issued without the consent of defendant's parent or guardian. Elmer Ellis signed defendant's name to the application for a marriage license, and the county clerk understood that the license was for the parties present. In other words, that Elmer Ellis was Henry Earl Reynolds, the person to be married to Vera Hooker. While Elmer Ellis and Vera Hooker were in the county clerk's office, the defendant was waiting for them outside the courthouse, where he received the license from Elmer Ellis, and went with Vera Hooker to the home of a minister in Urbana and the marriage ceremony was performed. As a result of the marriage the wife became pregnant. Upon learning that fact and assigning it as a reason for so doing, defendant on November 14, 1918, abandoned his wife and this prosecution followed. The defendant seeks to have the judgment, rendered against him, set aside upon the grounds that the marriage is void by reason of the fact that he is a minor; that the marriage license was issued without the consent of his parent or guardian, and by the county clerk of a county other than that in which he resided.

Section 1, chapter 89, Hurd's Revised Statute 1917 (J. & A. ¶ 7345) declares marriages between persons therein enumerated to be void, but does not include in such enumeration marriages in which one or both

of the parties are minors. It has been declared that "the general rule is that unless the statute expressly declares a marriage contracted without the necessary consent of the parents, or other requirements of the statute, to be a nullity, such statutes will be construed to be directory, only, in this respect, so that the marriage will be held valid, although disobedience of the statute may entail penalties on the licensing or officiating authorities." (*Reifschneider v. Reifschneider,* 241 Ill. 92; 26 Cyc. 835; *People v. Ham,* 206 Ill. App. 543, 550.) The marriage in question in this case must be treated as valid until declared void in a direct proceeding instituted for that purpose, and until set aside by a competent tribunal will support an indictment for wife abandonment. *Barber v. People,* 203 Ill. 543; *People v. Ham,* 206 Ill. App. 543, 550.

The judgment of the county court is affirmed.

*Judgment affirmed.*