## Harold Schwartz, Appellant, v. Sadie Schwartz, Appellee.

### Gen. No. 29,611.

MARRIAGE—*validity of marriage by minor over age of consent without parents' consent.* There being nothing in the statute requiring the consent of parents to the marriage of a person over the age of consent but under twenty-one years of age, a marriage contracted by such a person without the parents' consent is not void and section 1 of the Uniform Marriage Evasion Act, Cahill's St. ch. 89, ¶ 20, making void the marriage of residents of this state who go into another state and there contract a marriage "prohibited and declared void by the laws of this state," is not applicable thereto.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the second division of this court for the first district at the October term, 1924. Affirmed. Opinion filed April 3, 1925.

J. C. SCHWARTZ, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

The parties to this suit, although residing in Chicago, were married in Indiana. He was twenty years and nine months old and she was six months older. Two days after the marriage he brought this suit to annul it, alleging that he was induced to marry the defendant by her threats to kill herself and him unless he married her; also that he did not obtain his parents' consent to such marriage and that he and the defendant went to Indiana knowing that he would be unable to obtain such consent. In her answer, the defendant denied all of the statements of fact alleged in the bill, except the marriage, which she alleged

was valid even without the consent of his parents. After a hearing, the bill was dismissed for want of equity, and complainant appeals.

As to the alleged intimidation and threats of the defendant, the evidence is conflicting. After reading it, we are unable to say that the chancellor, who saw and heard the witnesses, was manifestly wrong in his conclusion. The defendant denied the alleged threats, and the circumstances surrounding the marriage were such as to make it improbable that complainant was influenced in any way by defendant's threats, if any were made.

As to the question of the validity of the marriage without the consent of complainant's parents, the theory of the bill and of complainant's counsel is that complainant was *prohibited,* by reason of his age and the want of his parents' consent, from contracting such a marriage under the laws of this state, and, therefore, the marriage was null and void by the express terms of section 1 of the Uniform Marriage Evasion Act of 1915 [Cahill's St. ch. 89, ¶ 20]. This theory is clearly untenable. Section 1 of the Act referred to provides that "if any person residing and intending to continue to reside in this state, and who is disabled or prohibited from contracting marriage under the laws of this state, shall go into another state or country and there contract *a marriage prohibited and declared void by the laws of this state,* such marriage shall be null and void." There is no statute of this state which "prohibits and declares void" such a marriage as was contracted by the parties in this case. Both parties were above the age of consent, as fixed by section 3 of the Illinois Act in relation to marriages [Cahill's St. ch. 89, ¶ 3]. By that section they were competent to contract a legal marriage with the consent of complainant's parents. There is nothing in the statute which declares that a marriage performed without such a consent is void.

In *Reifschneider v. Reifschneider,* 241 Ill. 92, 98, where a similar contention was made, the court said: "The general rule is, that unless the statute expressly declares a marriage contracted without the necessary consent of the parents, or other requirements of the statute, to be a nullity, such statutes will be construed to be directory, only, in this respect, so that the marriage will be held valid although the disobedience of the statute may entail penalties on the licensing or officiating authorities."

While it is true that this language was used by the court before the Uniform Evasion Act was enacted, there is nothing in that act which changes this general rule. The only marriages which by that act are made null and void are marriages which are contracted in a foreign state or country by residents of this state and which could not be contracted in this state because they are "prohibited and declared void by the laws of this state." The provisions of the statutes of this state regarding the consent of the parents have not been changed since the decision in *Reifschneider v. Reifschneider, supra,* where it was also said (p. 98): "Our attention has not been called to any provision of the Indiana law that rendered the marriage ceremony void for any of these reasons and we are aware of no provision in the Illinois statutes to that effect."

The case of *Lyndon v. Lyndon,* 69 Ill. 43, relied on by complainant, is clearly distinguishable from this case upon its facts and for the reason stated in *Orchardson v. Cofield,* 171 Ill. 14, 38.

The order of the superior court is affirmed.

*Affirmed.*

BARNES and GRIDLEY, JJ., concur.