## Martin J. Buszin, by Frank B. Buszin, Appellant, v. Margaret McKibbin, Appellee.

### Gen. No. 33,466.

Opinion filed October 11, 1929.

Rathje, Wesemann, Hinckley & Barnard, for appellant.

No appearance for appellee.

Mr. Presiding Justice Barnes delivered the opinion of the court.

This appeal is from an order dismissing for want of equity a bill to annul a marriage on the ground of the nonage of complainant. Defendant was defaulted.

The bill alleged that complainant was 19 years of age at the time of filing the bill and about three months before reaching that age had procured a marriage license in this county on false representation as to his age, and, without the consent of his parents to procure such license or to marry, had gone through a marriage ceremony on the same day but that the marriage was not consummated by cohabitation and that the parties have never lived together as husband and wife, and asked that the marriage be annulled. The proof conformed to these allegations.

Appellant calls attention to the provision in our statute (section 3, ch. 89, Cahill's Ill. Rev. St.) for the consent of the parents to marriage when the male is between the age of 18 and 21 years, and urges that on the ground of public policy, especially where the parties have not cohabited or lived together as man and wife, a marriage without such consent should be annulled.

While authorities to that effect are cited from the State of New York, appellant's counsel concedes that the authorities in this State hold that the provision of the statute requiring parental consent is merely directory and not mandatory. He argues, however, that the cases in this State so holding are distinguishable from the case at bar in that in all of those cases except one where the question was not raised, the marriage was consummated by cohabitation and living to-

gether in marital relationship. In *Reifschneider v. Reifschneider*, 241 Ill. 92, the point was raised where minors living in this State went to Indiana and had a marriage ceremony performed without the parents' consent. The court said: "The general rule is, that unless the statute expressly declares a marriage contracted without the necessary consent of the parents, or other requirements of the statute, to be a nullity, such statutes will be construed to be directory, only, in this respect, so that the marriage will be held valid. . . ." (Citing authorities.) This view of the law has been applied in cases brought to this court (*Matthes v. Matthes*, 198 Ill. App. 515; *People v. Ham*, 206 Ill. App. 543; *Schwartz v. Schwartz*, 236 Ill. App. 336), and while the marriage ceremony in those cases was performed in a sister state and not in Illinois, the rule as declared in the *Reifschneider* case was followed. In view of these authorities we think the court properly dismissed the bill for want of equity, and that no such qualification of the general rule above stated is recognized in this State.

*Affirmed.*

Scanlan and Gridley, JJ., concur.