JOHN COX, NATURAL GUARDIAN OF ETHEL DENNEY, NEE ETHEL COX, APPELLANT v. B. F. DENNEY, RESPONDENT.

In the Springfield Court of Appeals. January 15, 1931.

1048

*Tom R. Moore, John M. Bragg, W. H. Mitchell* and *A. H. Buchanan* for appellant.

*Stewart & Banta* for respondent.

SMITH, J.—This suit was brought against the defendant on the 5th day of March, 1929, by the plaintiff, who alleged in his petition that he was the father and natural guardian of Ethel Denney, nee Ethel Cox, for the purpose of annulling a marriage between the defendant and the daughter of the plaintiff, which marriage was on the 12th day of May, 1928. The petition alleged that the defendant and his daughter procured through fraudulent representations a marriage license in Ozark county, Missouri, and were united in marriage in Ozark county, and that his daughter was under twent-one years of age at the time of the marriage, and alleged "That said marriage was absolutely void, for the reason this plaintiff never consented to said marriage either verbally or written, and that said marriage license was illegally issued: that said marriage license was not issued by the legally qualified recorder of deeds of Ozark county or by a legally qualified deputy." The plaintiff prayed for a decree declaring said marriage void and without effect and for all proper relief.

The record shows that this suit was brought by the plaintiff John Cox, and not by Ethel Denney through him as her natural guardian,

nor does the petition show that it was brought for her benefit or with her knowledge and consent. She was not made a party to this litigation either as plaintiff or defendant.

The defendant filed a demurrer to plaintiff's petition, wherein he asisgned the following reasons: First, because the plaintiff John Cox has no right or authority to bring this action; second because no one except the parties themselves, either plaintiff or defendant, could bring this cause of action; third, because the petition herein wholly fails to state any grounds for the relief prayed.

This demurrer was overruled, and testimony was heard on the merits of the case, although the record does not set out the answer, and judgment was entered for the defendant, and the plaintiff perfected an appeal to this court.

The plaintiff bases his contention entirely upon the fact that his daughter was a minor and that he did not give his consent for her to marry the defendant, and that the defendant went to the recorder of deeds in another county and made a false affidavit as to the girl's age, swearing she was twenty-one, when in fact she was only sixteen years of age, and upon the further fact that the license which was procured was neither issued and signed by the qualified recorder of deeds of that county nor by a deputy of his, and that in fact no legal license was issued, and he bases his claim for relief upon the provision of section 7302, Revised Statutes 1919, as amended in 1921, Session Acts 1921 at page 468, which amendment provides that, "Previous to any marriage in this State, a license for that purpose shall be obtained from the officer herein authorized to issue the same, and no marriage hereafter contracted shall be recognized as valid unless such license has been previously obtained, . . . Common-law marriages hereafter contracted shall be null and void."

We deem it unnecessary for us to attempt to construe the above statute, or to pass on the effect of marriage under a license not properly signed, nor do we need to comment on the affidavit, which was claimed to be false, for in the outset we are confronted with the record which fails to show that one of the contracting parties has been brought into court.

Ethel Denney, nee Ethel Cox was not made a party to this suit as plaintiff, nor was she made a defendant, and no service was had upon her, and there is no record that she was in court or even knew anything about the proceeding. The plaintiff, her father, testified that she was living with the defendant, and that he, the plaintiff, had not spoken to her since her marriage more than a year before the judgment was entered in this suit and that since her marriage a child had been born to his daughter.

The record before us is rather meager, and the judgment is a general judgment finding for the defendant, not stating any of the facts upon which it was found, and we are forced to sustain that judgment, if for no other reason except under our procedure, sections 1157, 1158, and 1159, Revised Statutes 1919, all parties interested must be made parties to a suit either as plaintiff or defendant. We have been cited to no case in this State on all fours with this, nor have we found any, but in other States we find similar suits have been filed and determined as this one, and while the father may be an interested party, and while the State is an interested party in suits of this kind, certainly the married daughter, who had lived with a man as his wife more than a year and had given birth to a child, is an interested party and should be properly in court before her rights may be determined. A case very similar to this was determined in New York at an early date in the case of Wood v. Baker, 88 N. Y. Supplement, 854, where in quoting with approval from another case, the court used this language, which we think in point and proper here:

"All persons having an interest in the subject of the action should be joined as plaintiffs or defendants. The complaint alleges that Glen D. Fero consents to the bringing of the action, and he certainly is united in interest with either the plaintiff or the defendant. If he desires to have the marriage annulled he is interested in obtaining the judgment demanded; but if, on the other hand, he is satisfied with his marital relations, his interest is adverse to that of the plaintiff. In either case the controversy ought not to be determined until he is brought into the action. The rule contended for by the plaintiff's counsel would permit a parent. guardian, or 'any relative' of a party to invalidate a marriage without the consent or knowledge of either of the parties thereto and, if it were to obtain, might prove subversive to social order, sound policy, and good morals."

The judgment should be affirmed. It is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.