## Mary Frances Walker, Appellant, v. Charles A. Walker, Appellee.

Heard in this court at the May term, 1942.      Opinion filed November 2, 1942.

LANSDEN & LANSDEN, of Cairo, for appellant.

No appearance for appellee.

MR. JUSTICE BRISTOW delivered the opinion of the court.

Appellant, Mary Frances Walker and appellee, Charles A. Walker, were both residents of Cairo, Illinois. Mary Frances Walker was between 17 and 18 years of age and Charles A. Walker was between 20 and 21 years of age. On July 5, 1941, they went to Cape Girardeau, Missouri, and were there married, without having secured the consent of either of their parents or guardian. After marriage they did not cohabit as man and wife.

Appellant filed her complaint in chancery, in the circuit court of Alexander county, Illinois, seeking to

have said marriage annulled and declared void, by decree of court. Defendant was personally served with summons, and in his answer admitted every allegation of the complaint. The complaint alleged the above facts; set forth certain statutes of Missouri and averred that such marriage could be declared void at the instance of either party, and that it was contrary to the law of Missouri, and was voidable.

After hearing evidence, the circuit court dismissed the complaint for want of equity. The court signed a memorandum of his reasons for his decision, stating that, inasmuch as defendant only filed a formal answer, and his counsel had made no defense whatever, he deemed that public interest required a statement of reasons for his decision. Appellee has filed no brief in this court and consequently we have received the same measure of assistance from him here as did the trial court. We also believe that the interest of the public requires careful consideration of this case. The evidence shows no fraud or deceit or misrepresentation, no mental or physical disability, no duress or wrong doing of any character amounting to fraud.

Appellant cites several cases to the effect that the validity or invalidity of a marriage is determined by the law of the state in which the marriage ceremony is performed. We think that to be the law, if a given case were not contrary to the public policy of the State of Illinois. The statute of Illinois provides, ch. 89, sec. 3 [Jones Ill. Stats. Ann. 78.03], ''Provided . . . that a female person sixteen (16) years of age and upward may contract a legal marriage if the parents . . . give consent to the marriage.'' The Missouri statute, sec. 3364 of the revised statute of 1939 provides that ''Previous to any marriage in this State, a license for that purpose shall be obtained from the officer herein authorized to issue the same, and no marriage hereafter contracted shall be recog-

nized as valid unless such license has been previously obtained.'' The Missouri statute further provides by sec. 3370, ''And no recorder shall issue a license authorizing the marriage of . . . any female under eighteen years of age, except with the consent of his or her father, mother or guardian.'' It is noted that the wording of the Illinois statute seems more prohibitive than that of the Missouri statute. Section 3370 of the Missouri statute prohibits license issued to any person under 15 years of age but that on order of the court for good cause, the license may be issued to a person under 15 years of age. Appellant states in her brief that in this case there is no question involving the Uniform Marriage Evasion Act of Illinois.

Counsel contends that the law of Illinois permits annulment of marriages, performed in Illinois without parental consent, and cites, *Lyndon v. Lyndon*, 69 Ill. 43; *Matthes v. Matthes*, 198 Ill. App. 515, and *People v. Reynolds*, 217 Ill. App. 577. An analysis of these cases, discloses clearly that appellant is in error in her contention. In the *Lyndon* case, a coachman enticed a girl about 15 years old from her father's home and by perjury, stating she was 18 years of age, secured the license. The court put the annulment on the ground that the coachman was at least in a position of trust with the father to take no advantage while driving the children in the carriage, but committed perjury in violation of his trust and duty, and procured the license by fraud. In the *Matthes* case, the complaint alleged the appellant was a male under 18 years of age and, therefore, incapable of consenting to marriage, and also, that the marriage was by force and duress. The court found as a fact both issues against the complainant. In *People v. Reynolds*, Vera Hooker was 19 years of age and Reynolds was 18. Elmer Ellis, an adult, secured the license by signing the name of Reynolds and swearing

to the application, Reynolds stood outside the court house; received the license from Ellis, and was then married. His wife being pregnant, he abandoned her, and was indicted. As a defense, he set up his age as under 21 and married without consent of his parents. The court held the marriage valid. In such case, the court made statements that marriage could not be attacked collaterally, but would have to be declared void by a direct proceeding. Such holdings do not support the case at bar as authority that where there was no fraud or unusual circumstance, but a female above 16 and under 18 years of age was married without her parent's consent, that such a marriage was void or voidable.

Appellant states that the law of Missouri permits a marriage performed in Missouri without parental consent to be annulled and cites a number of cases, both in Illinois and Missouri. Again we disagree with appellant. Each case is clearly distinguishable from the case at bar. Where annulment was granted, such factors as mental incapacity, insanity, fraud in concealing a disease, that defendant was a felon, and the like were relied upon as a basis for relief. We will briefly consider the cases appellant cites: *People ex rel. Mitts v. Ham*, 206 Ill. App. 543. Truman Mitts, 43 years of age, seduced Ethel Ham, daughter of respondent, who was but 15 years, 8 months of age, and took her to Missouri where they were married. He filed the petition for habeas corpus against her father. The trial court dismissed the petition, and its order was reversed. The case quotes at length certain statutes of Missouri requiring consent of parents, much like the statute of Illinois. This case referred to the voiding of a marriage where one of the parties was under the age of consent. It found that, both in Illinois andMissouri, there was no statute declaring a marriage, without the parents consent, should be void, but that such provisions were only directory. The

court, also stated "that the marriage was valid until declared void by some direct proceeding." The appellant seems to find great comfort in that last sentence, stating in her argument that such quotation was decisive of this case. However, the court then was discussing a marriage when one of the contracting parties was under "the age of consent." Ethel Ham, it will be noted, was under 16 years of age. *Guthery v. Wetzel*, 205 Mo. App. 664, 226 S. W. 626, was a case where a marriage was declared void on the ground that one of the parties was of unsound mind. *Spears v. De Clue* (Mo. App.), 133 S. W. (2d) 1044, was a breach of promise case, in which the defendant was a minor and could not contract to marry. The court was not considering the effect of an executed contract by a male over 18 years of age and by a legal marriage ceremony. *Cox v. Denny*, 224 Mo. App. 1047, 34 S. W. (2d) 528, was a case in which a father petitioned to annul the marriage of his daughter, alleging that the defendant through fraudulent representations obtained a marriage license in Ozark county, Missouri; that the alleged marriage was absolutely void in that the plaintiff had never consented to the marriage; and that the license had not been issued by a qualified recorder of deeds. There was a demurrer alleging that petitioner had no right to bring the suit; that no one but parties to a marriage can bring a suit, and averred petitioner wholly failed to state any ground of relief. Claim was made on sec. 7302 of Missouri statute, amended in 1921, which provided that before any marriage could be solemnized, a license must be obtained from the officer authorized by statute, and that no marriage thereafter contracted shall be regarded as valid unless such license has been obtained. The court said it did not deem it necessary to construe the statute or pass on the effect of the marriage because it was confronted with the record which found that the daughter was not a party. *Henderson v.*

*Ressor*, 265 Mo. 718, 178 S. W. 175, is relied upon, also. In this case the Missouri court considered a complaint for annulment of a marriage in Arkansas. The action was brought by the heirs of a deceased person. The ground was mental incapacity to enter into the marriage. The Missouri court pointed out that sec. 5175 of the Arkansas statute specifically provided that when either party should be incapable from want of age or understanding and the like, the marriage shall be void from the time its invalidity shall be declared by a court of competent jurisdiction. The Missouri court said, at page 177, that the effect of the Arkansas statute was to render the marriage of persons under the age of consent or of those mentally incompetent, voidable, and not void if attack was made in the lifetime of the spouses. Missouri has no such statute.

We find no case cited by appellant, and we have been unable to find any, where the courts of Missouri have declared a marriage by a female over 16 and under 18 years of age voidable where there was no charge of fraud, mental incapacity or other like equitable grounds. Appellant likewise has not cited, nor have we found, any Illinois cases so holding. In the *Reifschneider* case, *Reifschneider v. Reifschneider*, 241 Ill. 92, 98, the court said, "Unless the statute specifically declares a marriage contracted without the necessary consent of the parents, or other requirements of the statute, to be a nullity, such statutes will be construed to be directory only, in this respect, so that the marriage will be held valid although the disobedience of the statute may entail penalties on the licensing or officiating authorities." To the same effect is *People ex rel. Mitts v. Ham*, 206 Ill. App. 543, 550; *Matthes v. Matthes*, 198 Ill. App. 515, 520, 521; *Buszin v. McKibbin*, 254 Ill. App. 519. Some statutes provide for annulment of marriage where parental consent is not had, but where the statutes are merely prohibitive, it is generally held that consent

of parents is not necessary to the validity of the contract. 18 R. C. L., sec. 24, p. 494.

There appears to be no such provision in either the Illinois or Missouri statutes, declaring a marriage a nullity where the consent of the parents was not had. The court, therefore, acted properly in refusing to allow the marriage in this case to be annulled.

We are of the opinion that the decree of the trial court was correct, and the same should be, and accordingly is hereby affirmed.

*Affirmed.*