MATTER OF G—

In VISA PETITION Proceedings

A-8873593

*Decided by Board September 29, 1960*

**Marriage—Minors—Voidable, not void, in Illinois.**

Under Illinois law the marriage of minors without the consent of their parents is voidable but not void and will be recognized as valid for immigration purposes despite the possibility that the citizen spouse petitioner might be permitted to disavow the relationship upon reaching the age of consent.

### BEFORE THE BOARD

**DISCUSSION:** This is an appeal from the order of the District Director, Chicago, Illinois, of August 2, 1960, denying the visa petition. The notice of denial states that the petitioner has failed to establish that she and the beneficiary entered into a valid marriage according to the laws of the State of Illinois, because the parties were under the age provided by law, did not have the consent of their parents to the marriage, gave false information as to their ages, that the license would not have been issued if correct information as to their ages had been furnished, and that the petitioner's mother was not and is not willing to give consent to the marriage. The only issue before the Board is the status of this marriage under Illinois law.

The petitioner, a United States citizen by birth, married the beneficiary on July 10, 1959, in Chicago, Illinois. The beneficiary is an alien, a native and citizen of Greece, who entered the United States on May 29, 1956, as a student. In the fall of 1957 he ceased to go to school and obtained employment. His wife represents to the Board that he is going to return to school on a part-time basis. However, at the present time he is not maintaining the status in which he entered.

A photostatic copy of petitioner's marriage license shows that she and the beneficiary represented their ages to be 18 and 21 years, respectively, at the time the license was obtained. In reality, the petitioner and the beneficiary were only 16 and 19 years of age.

The record contains a letter from an attorney retained by Mrs. W—, petitioner's mother, stating that on July 23, 1959 (less than

89

two weeks after the marriage), he filed a petition in the Superior Court of Cook County for an annulment of the purported marriage. He advises further that Mrs. W— requested him to inform the Immigration Service that these proceedings have been dismissed. The record also contains an order of the court dated May 31, 1960, stating that the cause came on to be heard and was dismissed for want of prosecution.

So far as this record shows, petitioner and the beneficiary have been living together for more than a year. An investigator for the Immigration and Naturalization Service stated in January 1960 that the beneficiary is employed on a full-time basis by the Illinois Testing Laboratories in Chicago. The petitioner is employed by the Methodist Church at 740 N. Rush Street, Chicago. The neighborhood investigation disclosed that they appeared to be getting along well, and nothing derogatory was discovered. The petitioner's mother stated to the investigator that she was not going to pursue her effort to have the marriage annulled.

The Illinois statute establishing the legal age of persons who may contract marriage is as follows:

Male persons of the age of 21 years and upwards, and female persons of the age of 18 years and upwards, may contract and be joined in marriage: Provided, that a male person of eighteen (18) years of age and upwards or a female person sixteen (16) years of age and upwards may contract a legal marriage if the parent or guardian of such person shall appear before the county clerk in the county where such minor person resides, and shall make affidavit that he or she is the parent or guardian of said minor and give consent to the marriage. Such parent or guardian shall, when giving consent to such marriage, make affidavit as to the date and place of birth, and place of residence of such minor and shall submit such proof of such minor's age as the county clerk may deem necessary to comply with the purposes of this act. Provided further, that this act shall not repeal any act or portion of any act entitled, "An Act concerning bastardy." 1874, Feb. 27, R.S. 1874, p. 604, § 3; 1905, May 13, Laws 1905, p. 317, § 1.

There are a number of Illinois cases construing this statute, and they hold, without exception, that such marriages will be found valid, even though the parties are under the ages of 18 and 21 years and contracted marriage without the consent of their parents. In *Reifschneider* v. *Reifschneider*, 241 Ill. 92, 98; 89 N.E. 255, 257, the court said:

Unless the statute expressly declares a marriage contracted without the necessary consent of the parents, or other requirements of the statute, to be a nullity, such statute will be construed to be directory, only, in this respect, so that the marriage will be held valid although the disobedience of the statute may entail penalties on the licensing or officiating authorities.

In *Long* v. *Long*, 15 Ill. App.2d 276, 145 N.E.2d 509, the court declared:

Our statute does not specify the effect of a marriage in violation of its provisions. . . . One who marries before reaching the age of consent may

avoid the marriage on reaching the age of consent, but such marriages are binding and valid until disaffirmed or until annulled by a judicial decree; and, when a party to such a voidable marriage reaches the age of consent, he may elect to ratify or repudiate the contract, and having elected to affirm, he may not thereafter disaffirm. 55 C.J.S. Marriage, par. 11, pp. 821, 822, 823.

To the same effect are *People ex rel. Mitts* v. *Ham et al.*, 206 Ill. App. 543, 550; *Matthes* v. *Matthes*, 198 Ill. App. 515, 520; *Buszin* v. *McKibbin*, 254 Ill. App. 519; and *Walker* v. *Walker*, 316 Ill. App. 261, 44 N.E.2d 937.

The fact that petitioner might be permitted to disavow this marriage before she reaches the age of 18 years does not disburb the fact that it is, at present, a valid and *bona fide* marriage. Indeed, from the Illinois cases it is not at all clear that, even if she were to seek an annulment, the effort would be successful. That jurisdiction seems disinclined to grant annulments even where the parties .were under age at the time of marriage and have never cohabited. In *Walker* v. *Walker, supra*, the parties were 17 and 20 at the time of the marriage, and did not cohabit after their marriage. The court found there was no evidence of fraud, deceit or misrepresentation, no mental or physical disability, no duress or wrongdoing of a character amounting to fraud, and refused to permit annulment of the marriage, although neither party had contested the petition for annulment. See also *Long* v. *Long, supra* (here, there had been a child), and *Ferdinand* v. *Threewitt*, 338 Ill. App. 662, 88 N.E.2d 529 (1949).

The action of the Board in the instant matter is consistent with our view in *Matter of E—*, 5—305 (1953), and *Matter of R—*, 4—345 (1951). In *Matter of E—, supra*, the parties had lived together for six years but were separated when the appeal came up, because the wife was being treated for an anxiety neurosis. The Board held that the parties continued to be husband and wife until the marriage was dissolved by a court decree or by death. In *Matter of R—, supra*, the alien wife had been granted a decree voiding a marriage for physical incapacity of the husband. Under the District of Columbia Code such a marriage was void only from the time of the decree. We declared the wife not to be deportable as a nonquota immigrant who obtained her entry through fraud. The marriage was not void *ab initio* but only from the time of the decree.

There is no evidence that petitioner and the beneficiary are living in other than a valid, *bona fide*, presently-existing marriage, and the petition should be approved.

ORDER: It is ordered that the appeal be sustained and that the petition be approved.