THE STATE v. ADAMS, *Plaintiff in Error.*

1. **Infants**: DEATH PENALTY. Section 1666, Revised Statutes, exempts persons who commit crime under the age of eighteen years from imprisonment in the penitentiary, but not from the death penalty.

2. **Homicide**: EVIDENCE OF CONDITIONAL THREATS. On a trial for homicide evidence of conditional threats made by the prisoner is admissible; and it may be no objection that they were made two months before the homicide.

3. ———: CRIMINAL CAPACITY OF INFANTS. An infant between the ages of seven and fourteen is presumed to be incapable of committing crime, and the *onus* is on the State to prove his criminal capacity.

*Error to Morgan Circuit Court.*—HON. E. L. EDWARDS, Judge.

REVERSED.

*James A. Spurlock* and *A. W. Anthony* for plaintiff in error.

*D. H. McIntyre*, Attorney General, for the State.

SHERWOOD, J.—The defendant, a negro boy, twelve years old at the time of the trial, October 21st, 1882, was indicted for murder in the first degree, having killed Henry Ostermann, about seventeen years old, by stabbing him with a pocket knife, August 1st of that year.

Walton McNair, a small boy, twelve years of age, was the only witness who saw the stabbing, and testified that he saw it occur on the hay field as follows: Henry and Tom were fussing. Tom called Henry a liar. Henry said if Tom called him a liar again he would knock him down with the pitchfork. Tom called Henry a liar again, and then Henry jumped out of the wagon and took Tom by the arm and struck him over the head with the handle of his pitchfork. He had Tom by the arm and Tom had one hand in his pocket and pulled out the knife, open, and

reached up and stabbed Henry.   After Henry was stabbed, Tom got loose and started to run; then Henry picked up a rock and knocked him down and then went and beat him with a pitchfork.   Lev. Smith hallooed to him to quit. Then Henry quit and come back and said he was cut in-two, and went and laid down and died in a few minutes. The evidence shows that he was stabbed in the heart with the penknife of Mrs. Silvey, his mistress, the blade being about two inches and one-half long, and slender; also, that when Henry lay down, sick from the wound, Tom got water and poured it on his head trying to revive him.   But when he died Tom started off and was traveling the main road to Tipton when he was arrested about a mile off, and brought back.   After he was arrested he confessed the stabbing, but said he did it because Henry struck him with his pitchfork.

The State proved by Frank Williams, a small boy, that he heard Tom say, if Henry did not quit fooling with him he would cut him with his knife, and he told Henry of it, and told him to quit fooling with him.   Also, Wm. C. Silvey heard them fussing one morning at his barn, and told them to quit and not repeat it in the future.   This was two months or more before the stabbing, and the evidence of it and the conditional threat were objected to by defendant's counsel.

The jury, under the instructions of the court, found defendant guilty of murder in the first degree, and he was sentenced accordingly.

I.

The *State v. Barton,* 71 Mo. 288; has settled that defendant is subject to the death penalty notwithstanding he is under the age of sixteen years.   The statute is the same then as now, except the age now is eighteen, instead of, as formerly, sixteen years.   R. S. 1879, § 1666.

## II.

Under the ruling in *Johnson's case, ante,* p. 121, conditional threats made by defendant were admissible. Nor was the competency of the threats affected by their nearness or remoteness. *Keener v. State,* 18 Ga. 194; *State v. Ford,* 3 Strobh. (S. C.) 517; *State v. Hoyt,* 46 Conn. 330.

## III.

We incline to the opinion that the instructions should have permitted the jury to have found the defendant guilty of a less grade of homicide than murder in the first degree, provided the circumstances to be presently noticed, were such as would admit of his being found guilty of any offense. But notwithstanding that we say this, we do not say but that there were incidents in the evidence which, if defendant is to be treated as an adult, would justify an instruction for murder in the first degree, in addition to those for a lower grade of homicide.

## IV.

And we think that the instructions as to self-defense, were very properly given.

## V.

But we are very clearly of opinion that the court erred in its view of the law touching the age of defendant. We refer to the third and seventh instructions given at the instance of the State. Those instructions virtually told the jury that defendant's age should not affect the conclusion at which they should arrive, any more than if he had been of mature years. This is not the law. Between the ages of seven and of fourteen years, the law presumes the infant *doli incapax.* If the State would establish the infant to be *doli capax,* (for sometimes, *malitia supplet aetatem,*) the *prima facie* case of incapacity to commit crime must be overcome by "evidence strong and clear beyond all doubt and contradiction." 4 Black. Com., 24; Bishop Crim.

Law, §§ 284, 285, 285a; *State v. Handly*, 4 Harr. 566; *Angelo v. People*, 96 Ill. 209. In such cases the *onus* is on the State. The evidence in the present case cannot be regarded of the character indicated by Blackstone. Indeed, no effort seems to have been made at the trial to show the defendant possessed criminal capacity. And the instructions mentioned were well calculated to lead the jury to infer that without evidence showing such criminal capacity, still they were justified in convicting defendant even of murder in the first degree. And if we treat the sixth instruction asked by defendant as given, which is marked on the margin " refused," (*Barbee v. Hereford*, 48 Mo. 323,) this would not help the matter, as it teaches a different doctrine from those already mentioned respecting the question of age, and would only have been but too well calculated to mislead the jury. Therefore judgment reversed and cause remanded. All concur.