## RIDGEWAY, Appellant, v. HERBERT et al.

### Division One, June 14, 1899.

1. **Issues of Law:** SETTING ASIDE DEED: MINORITY OF MAKER. Whether or not the maker of a deed and of a lease was a minor at the time he executed them, and whether or not he disaffirmed them after becoming of age, are issues in an action at law triable by a jury.

2. **Issues in Equity:** SETTING ASIDE DEED: FRAUD. But whether such instruments were obtained by fraud is an issue in equity, triable by the chancellor.

3. **Law Action:** EQUITABLE DEFENSE: PRACTICE. Where an answer in a law suit admits the plaintiff's cause of action and sets up a purely equitable defense, it converts the whole case into a suit in equity, triable by the court. But where the answer sets up two defenses, one equitable, and the other legal, plaintiff is still entitled to his jury trial, unless the equitable defense prevails.

4. ———: ———: ———: REVIEW OF FACTS. But if in such state of the pleadings, the whole case is submitted to the jury without objection on either side, and it can not be ascertained which class of issues controlled the jury's verdict, the appellate court will weigh all the evidence and find the facts.

5. **Minor:** DEED: REPRESENTATIONS. The deed of a minor is voidable even though he represented himself to be of age and thereby misled the other party to his disadvantage.

6. ———: SETTING ASIDE DEED: FORMER SUIT: ESTOPPEL. And where the minor brought a suit to set aside the deed on the ground that it was obtained through fraud, and in his petition alleges he was of age, he is not estopped in a subsequent suit from asking that it be set aside on account of his minority.

7. ———: ———: RESTITUTION. And if he has obtained the consideration while he was a minor and wasted it, he may avoid the deed without making restitution.

8. ———: ———: DISAFFIRMANCE. Where the minor made a deed and wasted the consideration, the making of a deed to another as soon as he became of age amounted to a disaffirmance of the first deed. ✦

9. **Setting Aside Deed:** FRAUD. A young man of dissipated and prodigal habits leased land worth $2,000, in which he had a life estate, for $100 per year for five years, payable in advance, and in a few days sold the first lease note for $55 to plaintiff, who a little later bought the other four notes for $150, and at the same time leased the land from him for another five years for $50 for the term, and gave him $50 more for his lifetime interest. Plaintiff had known the young man all his life, and knew that he had just come into possession of the land, and that he had been given a life estate only because of his dissipated and spendthrift habits. *Held*, that the deed and the assignment of the lease were obtained through fraud.

*Appeal from Grundy Circuit Court.*—HON. PARIS C. STEPP, Judge.

REVERSED AND REMANDED (*with directions*).

S. C. PRICE for appellant.

(1) Plaintiff's objection to evidence tending to prove the drunkenness of George W. Moberly at the time of making the various contracts with plaintiff should have been sustained. If Moberly was drunk, it did not make those contracts void, but only voidable, and he only could object to them on that ground. These defendants can not avoid said contracts on that ground, even if they are shown to be in privity in estate with said Moberly. Eaton's Admr. v. Perry, 29 Mo. 96. (2) Upon the pleadings and undisputed evidence in this case, the doctrine of equitable estoppel applies. Justice v. Town of Lancaster, 20 Mo. App. 559; Union Savings Ass'n v. Kehlor, 7 Mo. App. 158; Guffey

v. O'Reiley, 88 Mo. 429; Kennedy v. Bambrick, 20 Mo. App. 630; Craig v. Van Bebber, 100 Mo. 584. (3) In order that a subsequent conveyance may operate in law as a disaffirmance of contract of infancy, the subsequent conveyance must be so inconsistent with such contract of infancy that both can not stand. Craig v. Van Bebber, 100 Mo. 584. (4) An affirmance of a contract of an infant may be made after coming of age, by expressing satisfaction with the bargain. Craig v. Van Bebber, 100 Mo. 584. (5) Appellant's motion to strike out parts of defendants' answer should have been sustained. A judgment in ejectment is not a bar to another action, even between the same parties, and that whether the title and defense be the same or not. Hogan v. Smith, 11 Mo. App. 314; Dunn v. Miller, 8 Mo. App. 467; s. c., 75 Mo. 260; Kimmel v. Benna, 70 Mo. 52; Ekey v. Inge, 87 Mo. 493. (6) Even if Moberly was a minor when the assignment of the Martin lease and the lease and deed to Ridgeway were made, yet, in the subsequent suit of Moberly v. Ridgeway, he pleaded his majority when those transactions were had, and the rule of estoppel by pleading should apply to him and those claiming under him against the above conveyances. Kennedy v. Bambrick, 20 Mo. App. 630; Bigelow v. Estop, 603 and 604; Ferguson v. Landvain, 1 Busch. 548; Railroad v. Chicago, 87 Ill. 317; Hines v. Ament, 43 Mo. 298; Hensler v. Cannefax, 49 Mo. 295; Slagel v. Murdock, 65 Mo. 522. (7) That part of the judgment in this case which enjoins appellant from bringing another suit for these lands on the present title, is clearly erroneous.

HALL & HALL for respondents.

(1) The deed from Moberly, after becoming of age, to Williams and Linney, was a disaffirmance of the deeds and leases previously made while a minor, and he was not required to refund or offer to refund the purchase price. Peterson v. Laik, 24 Mo. 544; Harris v. Ross, 86 Mo. 89;

Craig v. Van Bebber, 100 Mo. 584. (2) In order to constitute a ratification of the deed and leases made by Moberly to plaintiff, and those assigned to plaintiff, after he became of age, there must have been a direct and express confirmation of the same of a clear and unequivocal character and a substantial promise to abide by and keep and fulfill the obligation of said leases and deed, showing an intention to affirm the same after he came of age.    Craig v. Van Bebber, 100 Mo. 590; Baker v. Kennett, 54 Mo. 89; Highley v. Barron, 49 Mo. 107; Clamorgan v. Lane, 9 Mo. 472; Ferguson v. Bell's Admr., 17 Mo. 347. (3) The transaction between plaintiff and young Moberly was clearly fraudulent.    8 Am. and Eng. Ency. of Law (1 Ed.), 644; Dickson v. Kempinsky, 96 Mo. 258; Hopkins v. Sievert, 58 Mo. 201.    (a) The unusual procedure of plaintiff in procuring the assignment is evidence of fraud. Baldwin v. Whitcomb, 71 Mo. 659; Snell v. Harrison, 104 Mo. 188; Houts v. Shepherd, 79 Mo. 147; Hoge v. Hubb, 94 Mo. 503.    (b) Inadequacy of price is evidence of fraud. Curd v. Lackland, 49 Mo. 454; Briant v. Jackson, 99 Mo. 598; Routt v. Milner, 57 Mo. App. 53; Robinson, Exr., v. Robards, 15 Mo. 467.    (c) Intoxication is evidence of fraud. Longhead v. Commission Co., 64 Mo. App. 564; Haneklau v. Felchlin, 57 Mo. App. 603.

VALLIANT, J.—This is an action of ejectment to recover 60 acres of land in Grundy county.    The petition is in the usual form.    The answer admits that defendants are in possession and sets up a state of facts showing that plaintiff is entitled to recover unless the leases and deed under which he claims are rendered invalid by reason of the further facts pleaded·in the answer, which are substantially, that on December 2, 1891, George W. Moberly, who is the common source of title, was the owner and in possession of the land, and on that day he executed a lease for a term of five years from March 1, 1892, to one Martin, at the yearly rental of

$100, and on December 31, 1891, Moberly, for the considera-
tion of $55 assigned his interest as landlord in the lease to the
plaintiff and J. D. Ridgeway, the latter afterwards assigning
his interest to the plaintiff; that afterwards on February 1,
1892, Moberly executed a lease to plaintiff for five years from
March 1, 1897, for a total rental of $50, and three days later
executed a deed to the plaintiff for the land for $50; that
at the time he made those leases and the deed, Moberly was
under twenty-one years of age; that after he came of age
he disaffirmed those transactions and made a deed conveying
the land to Williams and Linney under whom by mesne
conveyances defendants hold title; that Moberly while yet a
minor squandered the money plaintiff paid him for the
lease and the deed, and did not have it to restore to plaintiff,
but W. B. Linney as attorney for Moberly tendered it to
plaintiff but he refused it; that after they purchased from
Moberly, Williams and Linney sued this plaintiff in eject-
ment for the land and recovered it in a judgment rendered in
1895, and after that they sold it to defendant Herbert, and
defendants now hold under that title.

The answer then proceeds in the nature of a cross-bill in
equity and states separately three causes calling for equitable
relief.    The first is leveled at the Martin lease, and charges
not only that Moberly was a minor when he made it but that in
the matter of obtaining the assignment of the landlord's inter-
est in it from Moberly, the plaintiff who is a shrewd business
man, took advantage of the inexperience of Moberly, plied
him with whisky until he was drunk, falsely represented that
the lease, which was worth $500, was of no value, and by that
means obtained the assignment for $25.    Then follows a
reiteration of the statements in reference to the making of the
deed to Williams and Linney by Moberly after he came of age,
disaffirmance of the transactions with plaintiff, his squandering
of the money received while a minor, the tender of the amount
by Williams and Linney, their recovery of the land by suit

against plaintiff and sale of the same under which defendants hold as above stated. The answer concludes with the charge that the lease being of record is a cloud on defendants' title and prays that the cloud be removed and plaintiff enjoined from suing and asserting title under it.

The remaining two paragraphs of the cross-bill are substantial repetitions of the one just summarized except that one of them is aimed at the second lease and the other at the deed made by Moberly to plaintiff, and praying for their cancellation as clouds on defendants' title, and for injunction against them.

The reply admits the execution of the leases and deed as alleged in the answer, denies all the allegations as to fraud or improper dealing on the part of plaintiff, denies that Moberly was a minor when he executed the same, but avers that if he was a minor he was within a few months of being of age, that plaintiff dealt with him fairly and in good faith believing him to be of age, he holding himself out as such, and that he and defendants claiming under him are estopped to plead his infancy. Further, that on March 18, 1893, when he was of age, Moberly brought suit against plaintiff seeking to annul the leases and deed on the alleged ground that they were obtained by fraud and stating in his petition that he was of age when he executed them, which suit resulted in a judgment of dismissal at Moberly's cost; that thereby he ratified and affirmed his act and defendants are estopped to question it.

The court submitted the issues to a jury, who returned a verdict for defendants. After motions for new trial and in arrest were overruled, the cause is here on plaintiff's appeal.

I. Under the pleadings the issues were divisible into two classes, the one constituting an action at law, the other a suit in equity. The issues affecting the validity of the plaintiff's leases and deed on account of the alleged minority of Moberly and his disaffirmance of the same after coming of age, were

issues in an action at law triable by a jury; those affecting the validity of the instruments on account of the alleged fraud were issues in an equity suit and for the chancellor to try.

Where an answer in a law suit admits the plaintiff's cause of action and sets up purely an equitable defense it converts the whole case into a suit in equity triable by the chancellor. [Hodges v. Black, 8 Mo. App. 389; Allen v. Logan, 96 Mo. 591; McCollum v. Boughton, 132 Mo. 601.]   A plaintiff is not thereby deprived of his right of trial by jury because the defendant by his answer concedes the plaintiff's right to recover unless the equity defense prevails.

But in this case the defendant pleads two affirmative defenses, the one cognizable at law, the other in equity, although he has mingled both in the same paragraphs; but no objection to the answer on that account was made, and as the facts can be distinguished we will do so.

If the court had seen fit to try first the issues presented in those portions of the answer which are in the nature of an equitable cross-bill, and had found that the plaintiff's leases and deed were obtained by fraud, the finding would have covered the whole case, and there would have been no propriety in trying the other issues.    But if the court had found for the plaintiff on the cross-bill, it would have left the issues relating to Moberly's minority and his disaffirmance or ratification live questions for trial.

It was also in the discretion of the trial court to have singled out the issues at law and have tried them first with the aid of a jury.    In that event if the verdict had been for the plaintiff, the chancellor would have proceeded to try the issues relating to the alleged fraudulent procurement of the instruments, and if his finding had been for the plaintiff, judgment would have followed the verdict of the jury; if for the defendant, there would have been a decree for him notwithstanding the verdict.

But all the issues in this case were submitted to the jury, and neither party has a right to complain of that course because both parties tried it in that way and both asked instructions of that kind which were given.

There was a general verdict for defendant which might have been the result of a finding for defendant on one class of issues or the other or on both. If it was on the issues relating to the minority, etc., of Moberly, this court would not be required to balance the evidence to sustain the verdict, but if it was on the question of the fraudulent procurement of the instruments we would have to weigh all the evidence and find the facts.

Appellant omits from his abstract the evidence relating to the age of Moberly at the period in question, because he says he concedes that the evidence on that point was sufficient to support the finding that Moberly was under twenty-one years of age. That leaves open on that branch of the case only the question as to disaffirmance or ratification or estoppel. There was really no evidence entitling the plaintiff to have those questions submitted to the jury.

The evidence shows that in March, 1893, Moberly filed a suit against this plaintiff to set aside the leases and deed on the ground that they had been obtained by fraud, similar to the charge in the answer in this case, which suit was dismissed August 23, 1893, for failure to give security for costs. The evidence of defendant tended to show that it was about the time that suit was dismissed that Moberly discovered that he was a minor when he had the transactions with plaintiff, and then it was that he made the deed to Williams and Linney under which defendants claim.

The only evidence on the part of plaintiff which it is now claimed tends to show a ratification by Moberly after he came of age, is by plaintiff himself as follows: "Q. And this conversation you recited in answer to Judge Hill's question, between you and George Moberly after the Moberly suit had

been brought against you; what, if anything, did Moberly say about whether he was satisfied with the transactions between you and him? A. He told me he was satisfied for me to have the place. That I had paid him all I had agreed to, and that it was his wife and attorneys that were suing me; and as for him he considered the land sold and paid for." Witness further said that he was not clear whether this was after the suit had been dismissed or while it was pending; he knew it was after the suit was brought, and that in the conversation no allusion was made to the fact that Moberly was a minor when the transactions were had, nothing said about affirming his act done as a minor, witness up to that time had never heard about Moberly's being a minor when he made the leases and deed. This conversation evidently related to the impeachment of the transactions on the grounds set up in the suit. It could not be taken as a ratification of his act as a minor unless it appeared that he knew that he was a minor and intended it as a ratification of an act which he might, if he saw fit, disaffirm.

In the face of that evidence there was the fact of the suit wherein Moberly was seeking to have the instruments annulled on the charge of fraud, which charge the plaintiff in this case escaped answering only because Moberly could not give security for costs. The appellant's counsel at the trial did not seem to attach any value to the plaintiff's evidence on that point, since he asked no instruction submitting the question of ratification as the act of a minor to the jury; the hypothesis of ratification given in the eighth instruction is on the theory that Moberly was drunk when he executed the instruments. But the learned counsel there took the position that defendants were estopped from asserting that their grantor, Moberly, was a minor because Moberly by his conduct held himself out as a man and thereby misled the plaintiff and also because in the suit which he filed to set aside the instruments he alleged that he was of age at the time. An instruc-

tion for the plaintiff on each of these points was asked and refused.

The deed of a minor is avoidable at his option under certain equitable restrictions when he comes of age, even though he may have represented himself as of age when he made the deed, and thereby misled the other party to his disadvantage. A minor is no more responsible under the circumstances for his representations than he is for his deed.

Of still less force on the theory of estoppel is his statement in the petition in the suit referred to, that he was of age when he executed the instruments.   That was after the transactions had occurred and the plaintiff could not have been misled by it.

When one on coming of age seeks to avoid his deed made when he was a minor he must act promptly, and, if he has the consideration that was paid him for the deed, he must restore it; but if during his minority the consideration he received has been wasted, he may avoid the deed without making restitution.   [Craig v. Van Bebber, 100 Mo. 584.]   In that case this court per BLACK, J., said:   "The privilege of repudiating a contract is accorded an infant because of the indiscretion incident to his immaturity; and if he were required to restore an equivalent, where he has wasted or squandered the property or consideration received, the privilege would be of no avail when most needed."

The evidence showed that this young man went on a spree when he received the money from plaintiff and in a short while it was all gone.   There was also evidence on the part of defendant tending to show that as soon as it was discovered that Moberly was under age when he had the transactions with plaintiff, a tender of the money that had passed from plaintiff to him was made by one of Moberly's attorneys to plaintiff and refused.   That evidence, however, leaves the impression that that tender was made in the interest of Williams and Linney who were about to become the

purchasers of the land from Moberly though it was made in Moberly's name. But the plaintiff at the trial seems to have not considered that the evidence justified the submission to the jury of a question as to the invalidity of Moberly's alleged disaffirmance of the transaction because of non-restitution since he asked no instruction on that point.

It appears from the evidence that the trustees under the will of the young man's adopted father thought he had reached his majority a year earlier than the fact was, and in that mistaken fact invested the money left for him in this land, giving him a life estate and the remainder to the heirs of his body. He was under the same mistaken belief as to his age, and while so, executed the papers under which the plaintiff claims. But just about the time the suit he had filed against this plaintiff was dismissed, the mistake was discovered; then it was he made the deed to Williams and Linney under which the defendant now claims. That deed is not set out in full in the appellant's abstract but it is there described as a warranty deed in due form, dated August 23, 1893, and recorded two days later. From this we infer that it was a deed sufficiently absolute on its face to amount to a disaffirmance of the prior deeds. In such case the question of disaffirmance is not one of fact for the jury but one of the legal effect of the deed and is for the court. [Peterson v. Laik, 24 Mo. 541.]

Therefore under the record before us it is clear that Moberly was under age when he made the leases and deed under which the plaintiff claims, that he squandered the money he received from plaintiff while he was yet a minor, and disaffirmed the acts as soon after he came of age as he became informed of the facts, and under those conditions the verdict of the jury was right. There was no error in any of the instructions given and none in refusing those refused.

II. Before beginning the trial the plaintiff moved the court to strike out those parts of the defendants' answer that related to the suit brought by Williams and Linney

against the plaintiff and the judgment therein, which motion the court overruled.

As already above intimated the statements constituting the ground on which the defendant asked relief in equity were not as clearly separated from those constituting his plea at law as might have been. Those parts of the answer at which the motion to strike out was directed constituted no defense to the action at law, nor did they constitute alone an equitable defense, but they stated a fact which it was proper for the court to consider, with other circumstances, in determining whether or not the plaintiff should be enjoined from further suing. If as stated in the answer the title on which the plaintiff now sues was in that suit fully litigated and adjudged to be invalid and if in this suit it should also be so adjudged the defendants might with reason insist that they be protected by injunction from further unnecessary litigation on that account. Therefore the court did not err in overruling the motion to strike out.

III. On the trial the defendant offered to read the records of the deed from Moberly to Williams and Linney and the mesne conveyances of the title to defendant. Plaintiff objected for the reason that it was secondary evidence and the proper foundation had not been laid for its introduction. The court overruled the objection and the records were read. Then the defendant offered evidence to prove that the instruments were lost or not within his power. But this was objected to on the ground that it was then immaterial since the records had already been read, and defendant withdrew the offer.

Under section 2428, R. S. 1889, the record itself was competent if the defendant had satisfied the court that the deeds were lost or that it was not within his power to produce them, but the court erred in allowing the record to be read before defendant had made the proper showing. As however it was followed immediately with an offer of the preliminary evidence required we can not regard it as an injurious error.

The defendants' offer, the plaintiff's objection and withdrawal in deference to the objection, are to be taken as indicating that defendants would have proven the fact if plaintiff had permitted.

IV.   As to the alleged fraud on the part of the plaintiff in obtaining the leases and deed from Moberly, the evidence can be compassed within small bounds.   The young man was very dissipated and a spendthrift, and his character as such was well known.   The plaintiff knew him well, had known him all his life.   Plaintiff was forty-one years old, a merchant and engaged also in buying and selling notes.   Moberly in December, 1891, shortly after the trustees had bought it for him, leased the farm to Martin for five years from March 1st, 1892, for $100 a year, payable in advance; within a few days after the lease was executed plaintiff bought the first $100 rent note for $55, and within a few days afterwards bought the rest of Moberly's interest in the lease for $150, and obtained a lease from him for a period of five years from the termination of the first lease at a total rental of $50 cash and a promise to pay taxes; then again in a few days a deed to all Moberly's interest in the land, that is his life estate, for $50.   The land was worth about $2,000, that is the fee.

The evidence does not show that plaintiff gave the young man intoxicating drinks, nor does it affirmatively appear that the youth was drunk when he signed the papers.   But the plaintiff knew the young man's misfortune, knew how his adopted father and the trustees under the will had tried to provide for him against his own improvidence; and the plaintiff ought not to have had those transactions with him.   For a total of $250 the plaintiff essayed to become the owner of all this unfortunate youth's estate, knowing as well beforehand how the money would be spent as did afterwards the somewhat flippant witness who stayed with him until he spent it all.   The law does not justify that kind of dealing and courts of equity will set aside deeds obtained in that way.

Ridgeway v. Herbert.

V.  The judgment that was first entered was simply responsive to the verdict of the jury to the effect that the plaintiff take nothing by his writ and the defendant go hence and recover his costs.   But on overruling the motion for a new trial the court added to the judgment that the plaintiff be enjoined from further prosecuting a suit under the same title. It was not only irregular to enter judgment in that broken form but the defendant was not entitled to such an injunction. This is the first suit the plaintiff has brought on that title and we have no right to presume that he is going to continue to sue.

The defendants however were entitled, in addition to the ordinary judgment following the verdict, to a cancellation of the assignment by Moberly to plaintiff and J. D. Ridgeway of the Martin lease, and a decree that the second lease and the deed from Moberly to plaintiff on the records of Grundy county were clouds on defendants' title and cancelling the same.

VI.  In accordance with the foregoing views the judgment of the circuit court is reversed and the cause remanded with directions to that court to enter judgment for defendants according to the verdict of the jury on the plaintiff's cause of action, and cancelling the assignment of the Martin lease to plaintiff and J. D. Ridgeway, decreeing the lease of date February 1st, 1892, and the deed of date February 4th, 1892, from Moberly to plaintiff clouds on defendants title and cancelling the same, and adjudging that defendants recover of plaintiff the costs incurred in the circuit court.  BRACE, P. J., and ROBINSON, J., concur; MARSHALL, J., concurs in result but dissents from the doctrine quoted from Craig v. Van Bebber, 100 Mo. 584.