WALTER HENTE, APPELLANT, v. T. A. MICHIE AND FRED HARTLE, RESPONDENTS.—151 S. W. (2d) 107.

Springfield Court of Appeals.   May 20, 1941.

*J. Grant Frye* and *Gerald B. Rowan* for appellant.

No appearance for respondents.

FULBRIGHT, J.—This is a suit in equity filed in the Circuit Court of Pemiscot County in which plaintiff seeks to enjoin the enforcement of a judgment previously rendered in said court and asked that the judgment be set aside and for naught held as to this plaintiff. From a judgment for defendants plaintiff duly appeals.

The petition, among other things, alleges that on June 10, 1935, plaintiff signed an appeal bond for A. C. Guyot, on a cause pending in the Justice Court of Max L. Kelly, Pemiscot County, wherein T. A. Michie was plaintiff and A. C. Guyot defendant. The bond was in the sum of $300; that on a trial *de novo* in the Circuit Court, July 26, 1935, judgment was rendered against Guyot for $188.80 and costs entered by the court and clerk thereof, against the said Guyot and this plaintiff as surety on said appeal bond.

It is alleged that plaintiff was born August 18, 1914; that at the time of signing the appeal bond and at the time of the rendition of the judgment in said circuit court he was a minor; that no guardian *ad litem* or next friend was appointed for him; that he had no notice or made no appearance therein, either in person or by attorney or through other representations, and that the first information he had that a judgment was rendered against him was on or about December 31, 1938; that said Michie is about to cause an execution to be issued and levied against the wages and property of plaintiff; is urging and commanding the sheriff to levy on plaintiff's wages and property.

Among other things he further alleges that since the signing of said appeal bond he has not ratified said contract by any form whatsoever; that he received nothing of value for signing said bond; has not disposed of any valuable thing for which said debt was contracted; is not in possession of any property for which said debt was contracted and that no demand has been made upon him in any way for any valuable thing.

The answer admits that on July 26, 1935, the cause in which said appeal bond was given was tried *de novo* in the circuit court and judgment rendered as alleged, against the defendant Guyot and plaintiff herein, as surety on said appeal bond; denies that plaintiff was born August 18, 1914; denies that at the time plaintiff signed said appeal bond and at the time judgment was rendered against him plaintiff was a minor under the age of twenty-one years; admits that execution has been issued on the judgment described in plaintiff's petition and placed in the hands of defendant, Fred Hartle, Sheriff of Cape Girardeau County; admits that said sheriff is about to levy said execution against the wages and property of plaintiff for satisfaction of the aforesaid judgment.

Further answering denies each and every other allegation contained and set forth in plaintiff's complaint and alleges that plaintiff, at the time he signed and executed the appeal bond, was twenty-one years

of age; that the bond was legally binding upon plaintiff and that judgment rendered against him is a valid judgment.

Defendant has not seen fit to furnish us with brief and argument, and the court made no finding of fact or of law, but it appears from the record that the cause was tried upon the theory that plaintiff was pursuing a proper remedy. The only material issue there and here is whether plaintiff herein was a minor at the time of the rendition of the judgment, which is now sought to be set aside. In passing upon this issue it must be borne in mind that while equity cases are tried *de novo* on appeal, and while this court will usually defer to the findings of the trial Judge on disputed questions of fact we are not bound by such findings. It is our duty to, and we shall render such judgment as in our opinion the pleadings and evidence warrant.

On June 10, 1935, plaintiff herein signed an appeal bond in the justice court, for defendant, A. C. Guyot, doing business as Little Rock Forwarding Co., on an appeal from the merits of the judgment of $188.80 and costs. The judgment was affirmed on a trial anew in the circuit court. Under Section 2362, R. S. Mo., 1929, judgment went against defendant Guyot and his surety, which judgment was affirmed by this court on appeal. [Michie v. Guyot, 106 S. W. (2d) 56.]

Plaintiff testified to the date of his birth and offered in evidence a certified copy of his birth certificate from the State Board of Health, the church record of his baptism and the record of his family bible, all of which showed he was born August 18, 1914. He seeks to enjoin the collection of this judgment against him on the appeal bond. The proof shows it was rendered without hearing or notice to him; that at no time was a guardian *ad litem* or next friend appointed for him; that he made no appearance, either in person or by attorney, and that the first information he had that a judgment was rendered against him was when the execution in question was sought to be levied.

The undisputed evidence further tended to show that plaintiff did not, at any time, ratify the contract, bond, or promise to pay it or pay anything under it; that he received nothing for signing it. All allegations contained in plaintiff's petition not specifically admitted by the answer were established by undisputed evidence, except plaintiff's age.

Defendants undertook to controvert plaintiff's contention that he was born August 18, 1914, by proving by him, on cross examination that he made an affidavit on August 22, 1931, when he was married at Cairo, Illinois, that he was then twenty-one years of age. He stated: "I signed an affidavit to that effect but it wasn't the truth."

Plaintiff's evidence as to the date of his birth seems to be conclusive. We know of no more cogent or convincing proof of the date of a person's birth than the birth certificate filed and on record with the Bureau of Vital Statistics. This is corroborated by the positive testimony of the plaintiff, the record in the family bible and the church

record of his baptism.  The admission that he made an affidavit at the time he was married in Cairo, Illinois, August 22, 1931, that he was then twenty-one years of age, is not sufficient to overcome the solemn records to which we have heretofore referred.  Moreover, it is a matter of common knowledge that misrepresentations frequently occur when an affidavit as to age is required in order to get a marriage license.  The evidence of plaintiff definitely establishes the date of plaintiff's birth and that he was a minor under the age of twenty-one years when the judgment was rendered against him as surety on the bond, July 26, 1935.

Section 3358, R. S. Mo., 1939, reads as follows:

"SEC. 3358. *Ratification of contracts of minors, how and when made.*  No action shall be maintained whereby to charge any person upon any debt contracted during infancy, unless such person shall have ratified the same by some other act than a verbal promise to pay the same; and the following acts on the part of such person after he becomes of full age shall constitute a ratification of such debt: First, an acknowledgment of, or promise to pay such debt, made in writing; second, a partial payment upon such debt; third, a disposal of part or all of the property for which such debt was contracted; fourth, a refusal to deliver property in his possession or under his control for which such debt was contracted, to the person to whom the debt is due, on demand therefor made in writing."

The action of the court in rendering judgment against Hente, surety on the Guyot bond, falls within this section.  Since such action is prohibited, judgment thereon is voidable, unless plaintiff has ratified the act, promise or contract upon which same is based. [Koerner v. Wilkinson, 96 Mo. App. 310.] Defendant makes no claim and offers no proof of any ground mentioned in the statute constituting ratification.

It is our conclusion that the judgment is voidable and that plaintiff is entitled to the relief prayed for.  It necessarily follows that the judgment should be reversed.  It is so ordered.  *Blair, P. J.*, and *Smith, J.*, concur.