RUSSELL BYERS, Appellant, v. LEMAY BANK & TRUST COMPANY, a Corporation, Respondent, No. 44666—282 S. W. (2d) 512.

Division Two, September 12, 1955.

Motion for Rehearing or to Transfer to Banc Overruled in Per Curiam Opinion Filed, October 10, 1955.

*Herman D. Olian* and *Louis E. Zuckerman* for appellant.

*Tralles, Hoffmeister & Gilpin* and *Fred J. Hoffmeister* for respondent.:

[513] BOHLING, C.—Russell Byers, plaintiff, appeals from a judgment in favor of the Lemay Bank and Trust Company, a corporation, on plaintiff's claim for $4,452 against defendant, and from a judgment of $3,780.40 on defendant's counterclaims against plaintiff. The litigation involves the disaffirmance by a quondam infant of contracts entered into while a minor. The trial was to the court without a jury. Plaintiff, contends the judgment on each claim should have been in his favor. We have jurisdiction as the amount in dispute exceeds $7,500. Schmidt v. Morival Farms, Inc., Mo., 240 S. W. 2d 952, 954[2]; Davis v. Hauschild, Mo. App., 238 S. W. 2d 920, 921[1, 2] Mo., 243 S. W. 2d 956, 957[1].

In plaintiff's petition plaintiff pleaded his minority, admitted his indebtedness to defendant as evidenced by his $6,500 note of February 19, 1952, and his renewal note of March 21, 1952, therefor; alleged the application by defendant of $4,452 ($4,440 as established by the evidence) of his deposits on said indebtedness on March 25 and 26,

1952, and sought the recovery of the moneys so applied by defendant, plaintiff alleging he desired to invoke his rights and immunities as a minor and had notified defendant on July 23, 1952, "of his intention of repudiating, rescinding and avoiding" his said written obligation.

Defendant's answer charged plaintiff fraudulently represented that he was 23 years of age, and that defendant, being deceived and entrapped thereby, loaned to plaintiff $6,500, for which plaintiff executed to defendant his said note of February 19, 1952, and, as security therefor, his chattel mortgage on five automobiles, representing to defendant that he was the sole owner of said automobiles, and that plaintiff disposed of said automobiles without the knowledge or consent of defendant.

Defendant's two counterclaims are based on plaintiff's unpaid notes. In its first counterclaim defendant sought judgment on a $1,900 note, dated July 1, 1952, which represented the then balance due on the original $6,500 indebtedness of February 19, 1952. [514] In its second counterclaim defendant sought judgment on a $1,590 note of February 21, 1952. Defendant prayed judgment on each note for the respective balance due, with interest and an attorney's fee of ten per cent in accord with the terms of each of said notes.

Plaintiff, for his defense to defendant's counterclaims, pleaded his infancy. These were all the pleadings in the case.

The clear preponderance of the evidence established the facts alleged by defendant. Plaintiff was 21 years old August 19, 1952. § 457.010, RSMo 1949. He worked at many places and bought and sold automobiles. He banked with defendant. When he applied for his first loan in November, 1950, he talked to Edgar P. Crecelius, president of defendant, and wanted to know if defendant would "floor plan" automobiles for him. Mr. Crecelius asked plaintiff his age and plaintiff answered that he was 23 years old. The cashier and assistant cashier of defendant corroborated this testimony of Mr. Crecelius. Thereafter a number of loans were made to plaintiff by defendant, each note being secured by a chattel mortgage, and plaintiff paid the notes in due course.

On February 19, 1952, plaintiff borrowed $6,500 from defendant, executed his note therefor and secured its payment by a chattel mortgage on five automobiles. The note was payable on demand or, if no demand, on March 19, 1952. It was not paid and Mr. Crecelius called on plaintiff at his car lot. Plaintiff informed Mr. Crecelius that the automobiles had been disposed of; that he did not know where they were; that he did not have the money; and that he could not help it that they were subject to defendant's mortgage. Mr. Crecelius told plaintiff he would give him a few days to meet his obligation but plaintiff would have to come to the bank and renew the loan. Plaintiff, on March 24, 1952, executed a new note for $6,500 and a chattel mortgage on the five automobiles.

Plaintiff had a balance in the bank to his credit of $6.17. He deposited $4,134 in the bank on March 25, 1952. Mr. Crecelius applied $4,140 on plaintiff's $6,500 note on March 25th. Plaintiff made another deposit of $300 on March 26, 1952, and it also was applied by defendant against the loan. The note was renewed several times and plaintiff made several payments thereon. The last renewal note, for $1,900, was executed July 1, 1952. It has not been paid.

Plaintiff also borrowed $1,590 from defendant on February 21, 1952, executing an installment note, payable in eighteen monthly payments, and, as security, gave a chattel mortgage on a 1952 sedan. Plaintiff paid $265.02 on this note, but the sedan was disposed of without defendant's knowledge, and the note has not been paid.

The judgment, as stated, was against plaintiff on his claim and for defendant on its counterclaims, the court finding defendant entitled on defendant's first counterclaim to $1,900, with interest of $133 and attorney's fees of $190, total $2,223.00; and on defendant's second counterclaim $1,325, with interest of $99.90 and attorney's fees of $132.50, total $1,557.40, a grand total of $3,780.40.

▪ Defendant does not contend that the case falls within any of the acts of ratification set forth in § 431.060, RSMo 1949, which provides: "No action shall be maintained whereby to charge any person upon any debt contracted during infancy, unless such person shall have ratified the same by some other act than a verbal promise to pay the same," and specifies the acts constituting a ratification after the infant becomes of full age.

Protecting those lacking in experience and of immature mind from designing adults developed in the common law of feudal England. Y. B. 21 Edw. I, p. 318 (1292). The purpose is to shield minors against their own folly and inexperience and against unscrupulous persons, but not to give minors a sword with which to wreak injury upon unsuspecting adults. With the advancement of civilization, the spread of education, and modern industrial conditions minors attain a high state of sophistication. Many earn their own livelihood and are [515] more worldly-wise than their parents. Plaintiff's father testified plaintiff never came to him for fatherly advice. The common law is said to be a growing institution, keeping pace with social and economic conditions. State ex rel. v. Beck, 337 Mo. 839, 85 S. W. 2d 1026, 1029. The protection of adults against depredations by minors knowingly employing fraudulent methods outweighs the interests of such minors, and adults should have available the remedies not founded on contract for their protection. Every case involving a contract to which a minor is a party should not necessarily be forced into the Procrustean bed of the rule that allows a minor to escape responsibility for his other acts upon exercising the privilege of rescinding his contract at his will. Plaintiff was not a

toddler, or a teen-ager, but an "old" infant, cunning enough to conceive and perpetrate a fraud upon experienced adults.

Different results have been reached in different jurisdictions and in some instances within the same jurisdiction on the responsibility of a minor who, as an inducement for an adult to contract with him, misrepresents that he is of age and deceives the adult by his false statement to the adult's resulting injury. Some jurisdictions tend to uncompromisingly permit minors to rescind their contracts. A number of jurisdictions hold that the minor is not estopped by misrepresentations as to his age in actions at law and a lesser number where the suit is in equity; but other jurisdictions hold estoppel is available in an action at law and a greater number apply estoppel where the suit is in equity. Annotation, 90 A. L. R. 1441, 18 A. L. R. 520, 6 A. L. R. 416. An apparently increasing number of jurisdictions hold the infant liable in tort for inducing the contract by misrepresentations that he is of age. Wisconsin Loan & Finance Corp. v. Goodnough, 201 Wis. 101, 228 N. W. 484, 67 A. L. R. 1259, and Annotation, 1264; Vermont Acceptance Corp. v. Wiltshire, 103 Vt. 219, 153 Atl. 199, 73 A. L. R. 792. See also 43 C. J. S. 88, § 27, n. 83 et seq., 206, § 90, n. 94 et seq., 86, § 26; 27 Am. Jur. 818, § 96, n. 6 et seq., 798, §§ 66-72; 1 Williston Contracts (1936), 726, § 245, 700, § 238; 19 Cornell L. Q. 620; 81 U. of Pa. L. R. 731; 15 U. of Pitt. L. R. 73; 34 Va. L. R . 829; 31 Yale L. J. 201. Liability ex delicto and liability ex contractu are based on different principles and involve different measures of recovery. If an infant is liable for his torts generally, the better reasoned decisions hold he is liable for his deceit in misrepresenting his age. His deceit induces the contract. It does not involve the subject matter of the contract. The recovery is the damage resulting to the defrauded person and not the contract consideration. He is not held liable on the contract in form or substance.

Plaintiff argues that he was only asked his age, and that since defendant did not ask him to show his service card, or ask him where he was born, or ask him for his birth certificate, defendant did not exercise reasonable diligence and may not successfully assert it was misled by plaintiff's statement. We do not agree. The misrepresentation is the vital fact. All the elements of a deceit are present. Plaintiff stated his age was 23. Plaintiff knew this was untrue. Plaintiff made the statement with the intent that defendant act upon it. Defendant acted upon the statement in the manner contemplated by plaintiff. Defendant suffered actual damage by reason of plaintiff's misrepresentation as to his age, and the damage was the natural and probable consequences of plaintiff's fraud.

There are statements, as pointed out by plaintiff, in Missouri decisions to the effect "* * that infants are not subject to the binding effect of estoppel." Miller v. St. Louis & S. F. R. Co., 188 Mo. App.

402, 174 S. W. 166, 169[6]; Orchard v. Wright-Dalton-Bell-Anchor Store Co., Mo., 197 S. W. 42, 45[5, 6]; Gerkey v. Hampe, Mo. App., 274 S. W. 510, 514; Ridgeway v. Herbert, 150 Mo. 606, 615, 51 S. W. 1040, 1042, 73 Am. St. R. 464. The Miller case involved a 17 year old laborer and the contract on its face indicates advantage was taken of the infant's [516] immaturity of mind and lack of experience. A close reading of the Ridgeway case (l.c. 613 and 1042) and the cases cited in support of the statement in the Miller case (Campbell v. Laclede Gas Co., 84 Mo. 352, 368, and McBeth v. Trabue, 69 Mo. 642, 657) discloses no sufficient facts were adduced upon which to base an estoppel. Plaintiff omits from his quotation of the Orchard case the italicized words: "*Under these facts* no estoppel could arise against either of the minors \* \*." As observed in Myers v. Hurley Motor Co., 273 U. S. 18, 22, 23 (discussed infra), of a like statement in Sims v. Everhardt, 102 U. S. 300, 313, 26 L. Ed. 87, 89 the statement is too broad. This court in Ryan v. Growney, 125 Mo. 474, 483, 28 S. W. 189, 190, 755, considered that a minor who represented himself to be of age to induce an adult to purchase his land was estopped from canceling his deed in a court of equity. The earlier Ryan case is not mentioned in the Ridgeway case. We also read the Gerkey case and Sassenrath v. Lewis Motor Co., Mo. App., 246 S. W. 2d 520, 522[3], to recognize that an infant may be subject to an estoppel in appropriate circumstances. The issue in plaintiff's case of Hente v. Michie, 236 Mo. App. 322, 151 S. W. 2d 107, 108, was on the weight of the evidence. Plaintiff's cases do not involve an affirmative misrepresentation of his age by a minor to an adult as an inducement to contract.

In Myers v. Hurley Motor Co., 273 U. S. 18, 47 S. Ct. 277, 71 L. Ed. 515, 50 A. L. R. 1181, a minor after attaining majority sued to recover $406.12 paid defendant on the purchase price of an automobile which defendant had repossessed under the sales agreement. Plaintiff had the appearance of a man of 24, but made no misrepresentations or practiced any deception to induce the making of the contract. Defendant sought to set off $525.96 for damages to the automobile while in plaintiff's possession. The court stated the action was for money had and received under a disaffirmed contract. "Such an action, though brought at law, is in its nature a substitute for a suit in equity; and it is to be determined by the application of equitable principles. In other words, the rights of the parties are to be determined as they would be upon a bill in equity. The defendant may rely upon any defense which shows that the plaintiff in equity and good conscience is not entitled to recover in whole or in part." l.c. 24. The court applied the equitable maxim, that he who seeks equity must do equity, stating: "When an infant of mature appearance, by false and fraudulent representations as to his age, has induced another person to sell and deliver property to him, it is against

natural justice to permit the infant to recover money paid for the property without first compelling him to account for the injury which his deceit has inflicted upon the other person.'' l.c. 26. ''The defense, in effect, is that the plaintiff was guilty of tortious conduct to the injury of the defendant in the transaction out of which his own cause of action arose. In such case it is well settled that the relief is by way of recoupment * *.'' l.c. 27. Defendant was held entitled to a set off up to but not exceeding the amount of plaintiff's claim. The court stated its conclusion did not rest upon estoppel, following Sims v. Everhardt, supra, on the issue and being ''not disposed now to re-examine the question.''

Broadly stated, we have considered minors responsible for their marriage (§ 451.090, RSMo 1949; State v. Bittick, 103 Mo. 183, 15 S. W. 325, 23 Am. St. R. 869, 11 L. R. A. 587; see also Walker v. Walker, 316 Ill. App. 251, 44 N. E. 2d 937); for their crimes (State v. Adams, 76 Mo. 355; State v. Adams, 316 Mo. 157, 289 S. W. 948), and for their torts (Pledge v. Griffith, 199 Mo. App. 303, 202 S. W. 460, 464; Swoboda v. Nowak, 213 Mo. App. 452, 255 S. W. 1079, 1082[7, 8, 13]).

The effect of plaintiff's claim is to rescind his contract and recover the money defendant applied to the discharge of his [517] obligation. We hold the trial court correctly ruled plaintiff's claim.

■ Defendant's counterclaims are suits on the two notes executed by plaintiff while a minor, and the judgment, which includes interest and attorney fees, is a judgment on said notes. Defendant's counterclaims are not in tort. Section 431.060, supra, provides that, in the circumstances here of record, ''no action shall be maintained whereby to charge any person upon any debt contracted during infancy.''

It is stated in Koerner v. Wilkinson (1902), 96 Mo. App. 510, 516 et seq., 70 S. W. 509, 510 et seq., that at common law an infant's voidable contracts were enforcible against him unless he disaffirmed them after he attained his majority; that under the law existing between 1879 (R. S. 1879, § 2516) and the enactment of § 431.060 in 1895 (Laws 1895, p. 181) an action could not be maintained on a contract made during infancy unless ratified by the infant in writing after attaining majority; that the Act of 1895 merely increased the number of acts by which such contracts might be ratified, and that no action can be maintained on such contracts unless the infant has ratified the contract in the manner specified by the statute after he becomes of age. Windisch v. Farrow, Mo. App., 159 S. W. 2d 392, 394[5, 6].

In defendant's case of Swoboda v. Nowak, 213 Mo. App. 452, 255 S. W. 1079, 1082[7, 8, 13], it was held that an infant was liable on a note given in settlement of his tort, since he was liable for the tort; but the consideration for the note was held to be as fully open to inquiry as though the suit were on the original tort. The instant case does

not present that situation. Defendant's notes were not given in settlement of a tort. On its presentation, defendant is not entitled to hold the judgment on its counterclaims.

The judgment for defendant on plaintiff's claim is affirmed, but the judgment against plaintiff on defendant's counterclaims is reversed and the cause as to said counterclaims remanded for such action as defendant may properly take. *Barrett* and *Stockard, CC.* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of this court. All the judges concur.

## ON MOTION FOR REHEARING OR TO TRANSFER

PER CURIAM:—Plaintiff has filed a motion for rehearing or, in the alternative, to transfer to court en banc.

Plaintiff says that the opinion sets aside the established rule in this State that: "Generally speaking, a minor is no more responsible for his representations than he is for his deed," stressing the cases mentioned in this paragraph. Plaintiff's cases are distinguishable on the facts. In Ridgeway v. Herbert, 150 Mo. 606, 615, 616, 618, 51 S. W. 1040, 1042-1044, the infant and others were under the mistaken belief that he was of age when he executed the papers; the adult took advantage of the infant's improvidence, and under the circumstances the minor was considered not responsible for his representations. As we read Gerkey v. Hampe, Mo. App., 274 S. W. 510, 514[8], 515, and Sassenrath v. Lewis Motor Co., Mo. App., 246 S. W. 2d 520, 522, the minor did not misrepresent that he was of age. The answers in the Sassenrath case were general denials. In the Gerkey case the court stated it was not saying a minor could never estop himself. Plaintiff directs attention to the fact that Ryan v. Growney, 125 Mo. 474, 484, 485, 28 S. W. 189, 191, 755, mentioned in the original opinion, was on "motion for rehearing" remanded "that the lower court may rehear the same, unbound by anything said in the original opinion." The decree in that case cancelled the minor's deed to defendant but adjudged in defendant a lien upon the land for the consideration paid plaintiff. There was no bill of exceptions in the case, and [518] upon the findings of the trial chancellor set out in the record proper that the plaintiff was not under the influence of liquor to the extent he did not comprehend his actions, and that he made an affidavit that he was of full age, this court in the original opinion held plaintiff was estopped from calling upon a court of equity to repudiate his contract and reversed the decree with directions to dismiss plaintiff's petition. The court, as expressly stated on the motion for rehearing, remanded the case because the facts were not as fully disclosed in the record or in the chancellor's findings as desired for a final adjudication. There was no evidence or finding before this court that defendant was ignorant of plaintiff's

age and was deceived by representations of the plaintiff that he was of age. Had the court desired to depart from the law announced, it appears that the judgment would have been affirmed and the case not remanded for a new trial as only the defendant appealed.

The instant plaintiff had reached the age of discretion and had the appearance of and was engaged in and conducting business as an adult. His representation that he was of age is attributable to a base motive. No advantage was taken of him in the transaction by defendant.

Plaintiff's claim, though at law to disaffirm his obligation and for money had and received, is in its nature a substitute for a suit in equity. Defendant, as stated, interposed the defense and the proof established that plaintiff was guilty of tortious conduct to the injury of defendant. If seeking, in effect, equity, plaintiff should do equity. The result may be the same as an estoppel. In the circumstances of the instant case, the essential facts being established, the defendant should be allowed such relief in the nature of a set-off as might be available to the extent of plaintiff's claim. Defendant was denied a recovery on its counterclaims based on debts contracted by plaintiff during infancy.

Plaintiff's motion for rehearing or to transfer is overruled.