343 S.W.3d 362 (2011)
In the Interest of N.J.
No. SD 30621.
Missouri Court of Appeals, Southern District, Division One.
June 21, 2011.
*363 James Egan, Ava, for appellant.
No brief filed for respondent.
ROBERT S. BARNEY, Presiding Judge.
N.J. ("Appellant"), a minor, appeals the judgment entered by the Circuit Court of Wright County Juvenile Division ("the juvenile court") which entered judgment against him and C.W., his mother, for $4,000.00 subsequent to a finding of delinquency for certain acts committed by Appellant together with other minors. Appellant *364 asserts three points of juvenile court error. We affirm the judgment of the juvenile court.
The record reveals the Wright County Juvenile Office ("Respondent")[1] filed a juvenile delinquency petition against Appellant on February 4, 2010, in which is asserted Appellant trespassed by "acting in concert with others [to] knowingly enter[ ] unlawfully . . ." into a residential home, and committed property damage in the first degree by causing extensive damage to the aforementioned residential home.[2] At the time of the incident Appellant was eleven years old.
The evidence presented at trial on April 19, 2010, revealed that sometime in the fall of 2009 Appellant went to a vacant residence with his older sister, S.J., and two older male juveniles who were brothers.[3] The group broke into the home by breaking down the front door; they busted out several windows; punched and kicked numerous holes in the walls; pulled the thermostat from the wall; and committed other acts of property damage. At the conclusion of the evidence, the juvenile court noted its belief that Appellant was less culpable than the other boys, but nevertheless entered a finding of delinquency against him per section 211.031. Appellant was then "committed to the custody of the Division of Youth Services [("DYS") ]" with the execution of that sentence "stayed" as long as Appellant met the terms of his one year probation. The issue of restitution was continued to a later date.
A restitution hearing was held on June 7, 2010. At the hearing it was determined, through an exhibit and the testimony of an expert, that the total restitution necessary to fix the damage to the home at issue was $13,689.82. While the juvenile court noted its desire to assess "eighty . . . or ninety percent . . ." of the total amount of restitution to the two brothers, the juvenile court noted that this desire was hampered by section 211.185.9 which places a $4,000.00 statutory cap on the amount ordered against juveniles for restitution. Respondent's counsel, noting that the goal in these restitution proceedings is to compensate the victim for a loss that was not of his doing, requested restitution from Appellant be set at the statutory maximum of $4,000.00, while counsel for Appellant suggested $2,000.00 would be more appropriate based on the juvenile court's statements regarding the assessment of culpability. Appellant's counsel, however, did not argue that the juvenile court had failed to properly apply the law or otherwise failed to follow any particular statute. The juvenile court entered judgment against Appellant "and his mother[, C.W.], for the amount of $4,000.00." This appeal by Appellant followed.
"An appellate court reviews juvenile proceedings `like any other court-tried case, i.e., the judgment will not be disturbed unless it is against the weight of the evidence or it erroneously declares or erroneously applies the law.'" In the Interest of N.R.C. v. Juvenile Officer, 276 S.W.3d 883, 886 (Mo.App.2009) (quoting N.J.K. v. Juvenile Officer, 139 S.W.3d 250, *365 259 (Mo.App.2004)). The facts are viewed in the light most favorable to the juvenile court's decision. Id. The appellate court defers to the juvenile court's determinations of the credibility of witnesses. Id.
In his first point relied on Appellant maintains the juvenile court erred in ordering him to pay $4,000.00 in restitution because
the amount ordered was against the logic of the circumstances since the [j]uvenile [c]ourt's findings as to his level of culpability would warrant at most, $2[,]740[.00]; and, was so arbitrary and unreasonable as to shock this Court's sense of justice and indicate a lack of careful consideration because it was issued without taking into account [Appellant's] ability to pay as required by [section] 211.181. . . . [[4]]
We decline to review the first point relied on because no objection was lodged before the juvenile court as to the procedure employed by the juvenile court in making its restitution determination. See In re R.S.L., 241 S.W.3d 346, 350 (Mo.App.2007) (holding that where the mother "did not object to the [social] study before or at trial and raise[d] her challenge to it for the first time on appeal . . . [she] failed to preserve th[e] claim for appellate review. Even objections that a juvenile officer or court failed to comply with mandatory requirements of the juvenile code must be properly preserved"); In re S.R.J., Jr., 250 S.W.3d 402, 405 n. 2 (Mo.App.2008) (holding that "[a] party should not be entitled on appeal to claim error on the part of the [juvenile] court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question"). Point I is denied.
In his second point relied on Appellant alternatively asserts the juvenile court plainly erred in ordering him to pay $4,000.00 in restitution because the juvenile court did not follow the "specific directive" of "[s]ection 211.185 . . . that the [j]uvenile [c]ourt consider what amount is `reasonable' in light of the juvenile's ability to pay." In so doing, Appellant maintains the juvenile court "committed evident and obvious error by erroneously applying the law."[5] He argues that because he "is indigent and too young . . . to gain meaningful employment, it is highly likely he will be unable to make restitution and his probation will then be revoked and he will be sentenced to [DYS]."[6] Appellant urges a "manifest injustice will inexorably result if the [j]uvenile [c]ourt's order is permitted to stand."
*366 At the outset we note that Appellant does not challenge the sufficiency of the evidence to support the underlying finding of juvenile delinquency.[7] He is solely attacking the order of restitution entered by the juvenile court "in light of the juvenile's ability [or inability] to pay." Appellant asserts he "did protest the restitution amount, [but] did not refer to the statute" at the restitution hearing, and, consequently, he requests plain error review in the event this Court believes the error was unpreserved.
Preliminarily, we observe that "juvenile proceedings `are in the nature of civil proceedings,'" In Interest of R.L.C., Jr., 967 S.W.2d 674, 677 (Mo.App.1998) (quoting In the Interest of J.M., 847 S.W.2d 911, 913 (Mo.App.1993)), such that the plain error rule applicable to civil cases should be applied. Rule 84.13(c)[8] states that "[p]lain errors affecting substantial rights may be considered on appeal, in the discretion of the court, though not raised or preserved, when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." See In re D.L., 999 S.W.2d 291, 293 (Mo.App.1999). "`In determining whether to exercise its discretion to provide plain error review, the appellate court looks to determine whether there facially appears substantial grounds for believing that the trial court committed error that is evident, obvious and clear. . . .'" In re R.S.L., 241 S.W.3d 346, 351 (Mo.App.2007) (quoting Gill Constr. v. 18th & Vine Authority, 157 S.W.3d 699, 723 (Mo.App.2004)). The plain error rule is rarely applied in civil cases. King v. Unidynamics Corp., 943 S.W.2d 262, 266 (Mo.App.1997).
The record shows that the total damages to the victim's property were in excess of $13,000.00. We are mindful that as a general rule a minor is responsible for his own torts. See Byers v. Lemay Bank & Trust Co., 365 Mo. 341, 282 S.W.2d 512, 516 (1955). This rule is "taken with the qualification that an infant is not liable for a tort which involves an element necessarily wanting in the case of infancy." Swoboda v. Nowak, 213 Mo.App. 452, 255 S.W. 1079 (1923). By its enactment of sections 211.181.3(7) and 211.185, the legislature has given express statutory recognition to the concept that minors with limited means themselves of earning money may be required to provide restitution or make reparations for damages caused by certain offenses proscribed by the juvenile code. See § 211.031.1(3).
Here, while the juvenile court expressed a desire to give Appellant a break, due particularly to his age, it, nevertheless, noted that it would be patently unfair to order Appellant to pay lesser restitution to the detriment of the under-compensated victim. "The matter of fixing damages rests in the sound discretion of the trial court but requires the weighing of the relevant facts that show that damage occurred." A.R.B. v. Elkin, 98 S.W.3d 99, 105 (Mo.App.2003). "Trial judges are presumed to know the law and to apply it in making their decisions." Perry v. State, 11 S.W.3d 854, 861 (Mo.App.2000) (internal quotation omitted). Additionally, Appellant tendered no evidence relating to his inability to pay $4,000.00 at the restitution hearing by showing, for example, some mental or physical impairment. Indeed, Appellant's argument before the juvenile *367 court chiefly centered on Appellant's counsel's assertion that the juvenile court should "assess two thousand [in restitution] against [Appellant]." As best we discern the record, it is devoid of a showing of Appellant's inability to make restitution payments.
The amount of restitution ordered by the juvenile court to be paid by Appellant was permitted under the statutes at issue, and it has not been shown that the juvenile court failed to apply section 211.185 or section 211.181 in making its determination. While this Court may have determined the issue differently, we cannot say that the restitution ordered constituted an abuse of discretion or was unreasonable "in view of [Appellant's] ability to make payment or to perform the reparation. . . ." § 211.181.3(7). In our facial review of the record this Court sees no "`evident, obvious and clear . . .'" error. In re R.S.L., 241 S.W.3d at 351 (quoting Gill Constr., 157 S.W.3d at 723). We decline plain error review. Point II is denied.
In his third point relied on Appellant maintains the juvenile court "erred and abused its discretion by adding C.W.[, Appellant's mother,] as a party to its order of restitution in that the order was arbitrary and unreasonable and indicated a lack of careful consideration. . . ." He maintains the juvenile court "had no authority" to make such a ruling as it "did not follow the directives of [s]ection 211.185[[9]] which require [it] to make findings of fact as to whether a parent has in fact failed to exercise reasonable parental discipline and also to allow the parent an opportunity to obtain counsel and to present evidence."
Appellant's mother has not filed an appeal in this matter. Although she was listed on the notice of appeal filed by Appellant's appointed attorney, she did not file a request to appeal as a poor person or a pauper's oath as Appellant did. Further, she did not pay any filing fee with this Court or file anything on her own behalf. Rule 30.01(d). Her claim is not reviewable. Appellant has no standing to raise this issue on his mother's behalf. See Sherwood Nat. Educ. Ass'n v. Sherwood-Cass R-VIII School Dist., 168 S.W.3d 456, 463 (Mo.App.2005). Point III is denied.
*368 The restitution order of the juvenile court is affirmed.
LYNCH and BURRELL, JJ., concur.
NOTES
[1] Respondent did not file a responsive brief in this matter and it was not required to do so.
[2] The petition alleged that if Appellant "were an adult, committing the crime of trespassing in the first degree would be a class B misdemeanor pursuant to [section] 569.140" and "committing the crime of Property Damage in the First Degree would be a[c]lass D [f]elony pursuant to [section] 569.100."

Unless otherwise stated, all statutory references are to RSMo 2000.
[3] S.J. was acquitted of the property damage charge against her.
[4] Section 211.181.3 states that:

[w]hen a child is found by the court to come within the provisions of subdivision (3) of subsection 1 of section 211.031, the court shall so decree and make a finding of fact upon which it exercises its jurisdiction over the child, and the court may, by order duly entered, proceed as follows:
. . . .
(7) Order the child to make restitution or reparation for the damage or loss caused by his offense. In determining the amount or extent of the damage, the court may order the juvenile officer to prepare a report and may receive other evidence necessary for such determination. The child and his attorney shall have access to any reports which may be prepared, and shall have the right to present evidence at any hearing held to ascertain the amount of damages. Any restitution or reparation ordered shall be reasonable in view of the child's ability to make payment or to perform the reparation
. . . .
[5] Appellant's argument under this point relied on makes it clear that he is again referring to section 211.181 and not section 211.185 as stated in his point relied on.
[6] We note that in our review of the record, we do not find that restitution was a condition of Appellant's probation.
[7] Further, Appellant made no objection to expert witness testimony regarding the cost of repair to the house nor did he proffer any evidence relating to the repair costs to the house.
[8] All rule references are to Missouri Court Rules (2010).
[9] Section 211.185 provides:

1. In addition to the court's authority to issue an order for the child to make restitution or reparation for the damage or loss caused by his offense as provided in section 211.181, the court may enter a judgment of restitution against both the parent and the child pursuant to the provisions of this section if the court finds that the parent has failed to exercise reasonable parental discipline or authority to prevent the damage or loss and the child has:
(1) Stolen, damaged, destroyed, converted, unlawfully obtained, or substantially decreased the value of the property of another; or
. . . .
6. A restitution hearing to determine the liability of the parent and the child shall be held not later than thirty days after the disposition hearing and may be extended by the court for good cause. In the restitution hearing, a written statement or bill for medical, dental, hospital, funeral, or burial expenses shall be prima facie evidence that the amount indicated on the written statement or bill represents a fair and reasonable charge for the services or materials provided. The burden of proving that the amount indicated on the written statement or bill is not fair and reasonable shall be on the person challenging the fairness and reasonableness of the amount.
7. A judgment of restitution against a parent may not be entered unless the parent has been afforded a reasonable opportunity to be heard and to present appropriate evidence in his behalf. The parent shall be advised of his right to obtain counsel for representation at the hearing. A hearing under this section may be held as part of an adjudicatory or disposition hearing for the child.